# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

NACG LEASING v DEPARTMENT OF TREASURY

Docket No. 146234. Argued November 7, 2013 (Calendar No. 4). Decided February 6, 2014.

NACG Leasing filed a petition in the Michigan Tax Tribunal (MTT), challenging the Department of Treasury's assessment of $414,000 in use tax and a $103,500 penalty for failure file and pay the tax. Petitioner purchased an aircraft from one company and immediately executed a five-year lease of the aircraft to another company that already had possession of the aircraft. Respondent assessed the use tax based on the lease transaction. The MTT ultimately upheld the assessment. Petitioner appealed. The Court of Appeals, FITZGERALD, P.J., and METER and BOONSTRA, JJ., reversed the decision of the MTT in an unpublished opinion per curiam, issued October 16, 2012 (Docket No. 306773). The panel concluded that petitioner had not used the aircraft because it had ceded total control of the aircraft to the lessee and the lessee had uninterrupted possession of the aircraft before and during the lease. The Supreme Court granted respondent's application for leave to appeal. 494 Mich 851 (2013).

In a unanimous opinion by Justice VIVIANO, the Supreme Court *held*:

Under the Use Tax Act (UTA), MCL 205.91 *et seq*., a 6% tax is levied for the privilege of using, storing, or consuming tangible personal property in this state. MCL 205.92(b) of the UTA defines "use" as the exercise of a right or power over tangible personal property incident to the ownership of that property including transfer of the property in a transaction where possession is given. A corollary of a property owner's right to the use and enjoyment of his or her property is the right to allow others to use his or her property in exchange for consideration. Because the right to allow others to use one's personal property is a right incident to ownership, and a lease is an instrument by which an owner exercises that right, it follows that the execution of a lease is an exercise of a right or power over tangible personal property incident to the ownership of the property. Therefore, it constitutes "use" for purposes of the UTA. Accordingly, petitioner "used" the aircraft in question for purposes of the UTA when it executed a lease of the aircraft in Michigan, regardless of whether it ever had actual possession of the aircraft.

Reversed and remanded to the Court of Appeals for consideration of petitioner's alternative challenge to the amount assessed.

©2014 State of Michigan

# Opinion

Chief Justice:          Justices:
Robert P. Young, Jr.   Michael F. Cavanagh
                       Stephen J. Markman
                       Mary Beth Kelly
                       Brian K. Zahra
                       Bridget M. McCormack
                       David F. Viviano

FILED FEBRUARY 6, 2014

S T A T E   O F   M I C H I G A N

SUPREME COURT

NACG LEASING f/k/a CELTIC
LEASING, LLC,

Petitioner-Appellee,

v                                                    No. 146234

DEPARTMENT OF TREASURY,

Respondent-Appellant.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

The issue in this case is whether the execution of a lease of tangible personal property in Michigan constitutes "use" for purposes of the Use Tax Act (UTA).[1] Petitioner, a Michigan corporation, purchased an aircraft from one company and immediately executed a five-year lease to another company that already had possession of the aircraft. The Department of Treasury assessed a use tax against petitioner based on

---

[1] MCL 205.91 *et seq*.

the lease transaction, and the Michigan Tax Tribunal ultimately upheld the assessment. The Court of Appeals reversed, holding that petitioner did not "use" the aircraft because it ceded total control of the aircraft to the lessee by virtue of the lease and the lessee had uninterrupted possession of the aircraft before and during the lease.[2] We granted leave, directing the parties to "address the applicability of the use tax to a transaction where tangible personal property is purchased by one party and leased to another party when the purchaser/lessor does not obtain actual possession of the property."[3] We reverse and remand.

This case requires us to interpret and apply the pertinent statutory provisions of the UTA. When interpreting a statute, this Court's primary goal "is to give effect to the Legislature's intent, focusing first on the statute's plain language."[4] When the words of a statute are unambiguous, we must enforce them as written and no further judicial construction is permitted.[5]

Under the UTA, a 6% tax is levied "for the privilege of using, storing, or consuming tangible personal property in this state . . . ."[6] The UTA defines "use," in pertinent part, as:

---

[2] *NACG Leasing v Dep't of Treasury*, unpublished opinion per curiam of Court of Appeals, issued October 16, 2012 (Docket No. 306773), unpub op at 4.

[3] *NACG Leasing v Dep't of Treasury*, 494 Mich 851 (2013).

[4] *Malpass v Dep't of Treasury*, 494 Mich 237, 247-248; 833 NW2d 272 (2013).

[5] *Id.* at 249.

[6] MCL 205.93(1).

> [T]he exercise of a right or power over tangible personal property incident to the ownership of that property including transfer of the property in a transaction where possession is given.[7]

In light of this statutory definition, we must determine whether petitioner exercised a right or power incident to ownership in Michigan when it executed a lease of the aircraft in question.

It is a basic precept of property law that a property owner has the right to the use and enjoyment of his or her personalty.[8] A corollary to this right is the property owner's right to allow others to use his or her property in exchange for consideration.[9] One way in which a property owner exercises this right is by executing a lease.[10] Therefore, because the right to allow others to use one's personal property is a right incident to ownership, and a lease is an instrument by which an owner exercises that right, it follows

---

[7] MCL 205.92(b).

[8] See, e.g., *Daugherty v Thomas*, 174 Mich 371, 375; 140 NW 615 (1913); *Continental Motors Corp v Muskegon Twp*, 376 Mich 170, 182; 135 NW2d 908 (1965) (ADAMS, J., dissenting) ("Property, as the word is commonly used, denotes an entire object. In its legal sense the object is broken down into various attributes—such as the right to use, the right to mortgage, the right to lease, et cetera. These rights, viewed together, are referred to as the bundle of rights involved in the ownership of property."); 20 Mich Civ Jur, Personal Property, § 6, pp 153-154.

[9] *Attorney General v Pere Marquette R Co*, 263 Mich 431, 433; 248 NW 860 (1933) ("An incident of ownership is the right to sell or lease or use the property in any lawful way."). See also *Eastbrook Homes, Inc v Dep't of Treasury*, 296 Mich App 336, 348; 820 NW2d 242 (2012) ("Important rights flowing from property ownership include the right to exclusive possession, the right to personal use and enjoyment, the right to manage its use by others, and the right to income derived from the property.").

[10] Black's Law Dictionary (9th ed) (defining "lease" as "[a] contract by which a rightful possessor of personal property conveys the right to use and occupy the property in exchange for consideration . . .").

3

that the execution of a lease is an "exercise of a right or power over tangible personal property incident to the ownership of that property . . . ."[11]

In arriving at the opposite conclusion, the Court of Appeals relied on *WPGP1, Inc v Dep't of Treasury*,[12] and *Czars, Inc v Dep't of Treasury*,[13] two cases that distinguished between partial and total relinquishment of control of an aircraft for purposes of assessing the use tax.[14] According to those cases, when an out-of-state owner allows another person to use his or her aircraft, and that person uses the aircraft in Michigan, the owner is subject to Michigan use tax unless the owner can show that he or she previously relinquished total control.[15] However, we find those cases factually distinguishable because, unlike the present case, neither involved the execution of a lease in Michigan. In applying *Czars* and *WPGP1* to the facts of this case, the Court of Appeals failed to recognize that the act of ceding control of an aircraft can, itself, be an exercise of a right incident to ownership.[16] In this case, petitioner relinquished control of its property by

---

[11] MCL 205.92(b).

[12] *WPGP1, Inc v Dep't of Treasury*, 240 Mich App 414; 612 NW2d 432 (2000).

[13] *Czars, Inc v Dep't Treasury*, 233 Mich App 632; 593 NW2d 209 (1999).

[14] *NACG Leasing*, unpub op at 3, citing *WPGP1*, 240 Mich App at 417-419, and *Czars*, 233 Mich App at 639.

[15] *WPGP1*, 240 Mich App at 418-419 (holding that the out-of-state plaintiff did not "use" the aircraft because a preexisting lease executed out of state gave the lessee total control of the aircraft, including their routes and flight schedules); *Czars*, 233 Mich App at 639 (upholding the use-tax assessment and noting the lack of evidence showing that the plaintiff "totally or permanently relinquished control of the aircraft" to an out-of-state entity).

[16] See *Fisher & Co, Inc v Dep't of Treasury*, 282 Mich App 207, 212-213; 769 NW2d 740 (2009) ("Entering into a contract to give up some of one's rights to possession or

4

executing a lease in Michigan. As previously discussed, that act, alone, is sufficient to constitute "use" under the UTA.

The Court of Appeals also maintained that "a transfer of property unaccompanied by a transfer of possession is simply not 'use' that is subject to the tax."[17] The basis for this conclusion was the emphasized portion of the statutory definition of "use":

> [T]he exercise of a right or power over tangible personal property incident to the ownership of that property *including transfer of the property in a transaction where possession is given*.[18]

The statutory language on which the Court of Appeals relied is introduced by the term "including." As we have stated previously, "including" is a term of enlargement, not limitation.[19] Thus, a transaction in which possession is transferred is but one way to satisfy "use" under the UTA; it is not the only way, as the Court of Appeals erroneously held.[20]

---

control is, itself, an exercise of those rights.").

[17] *NACG Leasing*, unpub op at 5.

[18] MCL 205.92(b) (emphasis added).

[19] *Mich Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 479; 518 NW2d 808 (1994).

[20] Furthermore, the panel's interpretation of § 92(b) in this regard implicitly assumes that the word "possession" in the statutory definition means "actual possession." However, there is no indication that the statutory language contemplates, much less requires, transfer of actual possession. In addition, the Legislature's reference to "actual" possession elsewhere in the UTA is a strong textual indication that the term "possession" in MCL 205.92(b) does not refer to actual possession. See MCL 205.94(k) (exempting from the use tax "[p]roperty purchased for use in this state where *actual personal possession* is obtained outside this state, the purchase price or actual value of which does not exceed $10.00 during 1 calendar month") (emphasis added). Reading "possession" in § 92(b) to mean "actual possession" would render the Legislature's use of "actual possession" in other statutory provisions mere surplusage, something courts must avoid

The execution of a lease in Michigan is the exercise of a right incident to property ownership and, therefore, falls squarely within the statutory definition of "use." We hold that petitioner "used" the aircraft in question for purposes of the UTA when it executed a lease of the aircraft in Michigan, regardless of whether it ever had actual possession of the aircraft. We reverse the judgment of the Court of Appeals and remand the case to that Court to consider petitioner's alternative claim challenging the calculation of the assessment amount.[21]

David F. Viviano
Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack

---

when interpreting statutory language. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).

[21] Because the Court of Appeals held that petitioner was not subject to the use tax, it declined to address petitioner's challenge to the amount of the final assessment. Petitioner requests a remand to the Tax Tribunal so that this claim can be litigated. However, the Department counters that, among other things, petitioner failed to challenge the assessment amount in the Tax Tribunal. On remand, the Court of Appeals will have the opportunity to weigh both parties' arguments and determine whether the case should be remanded to the Tax Tribunal.