# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID J. STANTON & ASSOCIATES, INC.,

      Plaintiff-Appellee,

v

MIRIAM SAAD,

      Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324760
Wayne Circuit Court
LC No. 2013-000961-CK

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant, Miriam Saad, appeals as of right the trial court's November 20, 2014 final judgment, awarding plaintiff, David J. Stanton & Associates, Inc., $93,910.08 in damages and $139,394.34 in attorney fees and ordering defendant to convey title of the real property at issue to plaintiff by general warranty deed after granting summary disposition to plaintiff pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for further proceedings.

## I. BACKGROUND

In 1999, defendant, as lessor, entered into a 35-year lease with Wendy's International (Wendy's), as lessee, for undeveloped land in Southgate, Michigan, in anticipation of a Wendy's restaurant being built on the land. The lease included an "option to purchase the Real Property." After the restaurant was built, Wendy's assigned its interest in the lease to Barbara and David Wexall and their related corporations (Wexall) in 2001. Ten years later, Wexall assigned its interest in the lease to plaintiff. In 2012, plaintiff decided to exercise the option to purchase the land but not the restaurant because, according to plaintiff, it had already purchased the restaurant from Wexall.

Plaintiff provided written notice of its intent to exercise the option to defendant and hired a Member of Appraisal Institute (MAI) appraiser as required by the lease, who appraised the land at $350,000.00. After defendant failed to respond to the written notice and the appraisal, plaintiff obtained a second appraisal by an MAI appraiser, who appraised the land at $300,000.00. At plaintiff's request, the two appraisers reconciled their appraisals and concluded that the fair market value of the land was $325,000.00. Plaintiff thereafter demanded that closing occur within 60 days. In response, defendant obtained an appraisal by a non-MAI appraiser, who appraised the land *and* the restaurant at $600,000.00.

-1-

In January 2013, plaintiff filed this action, alleging breach of contract and seeking specific performance, damages, and attorney fees under the lease. In response, defendant filed a counter complaint, alleging breach of contract and seeking declaratory relief as to whether plaintiff had the right to exercise the option to purchase. Defendant also moved for summary disposition pursuant to MCR 2.116(C)(8) (moving party entitled to judgment as a matter of law) and (C)(10), arguing that plaintiff's attempt to exercise the option to purchase was defective because it sought to purchase the land only. Plaintiff argued that summary disposition was improper because it had previously purchased the restaurant and because a question of material fact existed as to whether the option to purchase was for the land or for the land and the restaurant.

After hearing the parties' arguments, the trial court denied defendant's motion for summary disposition and granted summary disposition to plaintiff pursuant to MCR 2.116(I)(2).[1] It concluded that there was no genuine issue of material fact as to whether the option to purchase included the option to purchase the land only. It ordered that the fair market value of the land be determined by the two previous appraisers as well as a third MAI appraiser chosen by the two previous appraisers and paid for by defendant. Closing was required to occur within 60 days. On October 16, 2013, the trial court entered a written order prepared by plaintiff reflecting the same.

Defendant moved for reconsideration, raising the same arguments as it had before as well as arguing that plaintiff was not entitled to exercise the option to purchase because the option was not specifically assigned from Wendy's to Wexall and from Wexall to plaintiff. The trial court disagreed and eventually re-entered the October 16, 2013 order on December 11, 2013. Plaintiff applied for leave to appeal the December 11, 2013 order, and, in lieu of granting that application, we vacated the trial court's December 11, 2013 order. *Stanton & Assoc, Inc v Saad*, unpublished order of the Court of Appeals, entered March 14, 2014 (Docket No. 319633). We expressly found that defendant had "raised genuine issues of material fact [as to] whether the lease's description of 'real property' includes the improvements" and remanded this matter to the trial court for further proceedings. *Id*. We also ordered the trial court "to reconsider defendant's motion for summary disposition in light of the argument that plaintiff does not have the legal right to exercise the option to purchase." *Id*.

On remand, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that the option to purchase was specifically assigned from Wendy's to Wexall and from Wexall to itself. In support of this position, it provided a "Reaffirmation of Assignment of Option to Purchase" indicating the same that was dated May 9, 2014, and signed by the Wexalls, Wendy's Vice President of Corporate Counsel, and David J. Stanton. Plaintiff additionally argued that there was not a question of material fact as to whether the option to

---

[1] MCR 2.116(I)(2) permits a court to render a judgment in favor of the party opposing the summary disposition motion if it appears to the court "that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Washburn v Michailoff*, 240 Mich App 669, 672; 613 NW2d 405 (2000).

purchase was for the land only. In response, defendant argued that the plain language of the assignments from Wendy's to Wexall and from Wexall to plaintiff demonstrated that the option to purchase was not specifically assigned.

Again, after hearing the parties' arguments, the trial court granted summary disposition to plaintiff. It concluded that there was no genuine issue of material fact as to whether the option to purchase included the option to purchase the land only. It also concluded that, in light of the May 9, 2014 reaffirmation, there was no genuine issue of material fact as to whether the option to purchase was specifically assigned from Wendy's to Wexall and from Wexall to plaintiff. Thus, the trial court entered an order requiring a third appraisal to be completed on the land and requiring defendant to convey the property at issue to plaintiff. At a subsequent hearing, the trial court awarded plaintiff $93,910.08 in damages and $139,394.34 in attorney fees over defendant's objection and without explanation. This appeal followed.

Before this Court, defendant filed a motion for stay and for immediate consideration, which we granted. *Stanton & Assoc v Saad*, unpublished order of the Court of Appeals, entered December 11, 2014 (Docket No. 324760).

## II. ANALYSIS

On appeal, defendant argues that the trial court erred in granting summary disposition to plaintiff for two reasons. First, she argues that the trial court erred in concluding that no genuine issue of material fact existed as to whether the option to purchase was specifically assigned from Wendy's to Wexall and from Wexall to plaintiff. Second, she argues that the trial court erred in concluding that there was no genuine issue of material fact as to whether the option to purchase was for the land or for the land and the restaurant. We agree in both respects.

## A. SPECIFIC ASSIGNMENT

A trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(10)[2] is reviewed de novo. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "The proper interpretation of a contract is a question of law that this Court reviews de novo." *In re Smith Trust*, 274 Mich App 283, 285; 731 NW2d 810 (2007). The ground lease in this case, like ordinary leases, is "[a] contract by which a rightful possessor of . . . property conveys the right to use and occupy the property in exchange for consideration[.]" *NACG Leasing v Dep't of Treasury*, 495 Mich 26, 29, n 10; 843 NW2d 891 (2014), quoting *Black's Law Dictionary* (9th ed). Thus, it is subject to the ordinary rules of contract interpretation. *G&A Inc v Nahra*, 204 Mich App 329, 330-331; 514 NW2d 255 (1994); *Sprik v Regents of Univ of Mich*, 43 Mich App 178, 186; 204 NW2d 62 (1972). The primary goal of contract interpretation is to honor the parties' intent. *Stone v Auto-Owners Ins Co*, 307

---

[2] While the parties sought summary disposition pursuant to subsection (C)(8) in addition to subsection (C)(10) before the trial court, it is apparent that summary disposition was granted pursuant to (C)(10) because the parties and the trial court relied on evidence beyond the parties' pleadings. See *Krass v Tri-Co Security, Inc*, 233 Mich App 661, 665; 593 NW2d 578 (1999).

Mich App 169, 174; 858 NW2d 765 (2014). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 292; 778 NW2d 275 (2009).

In this case, the ground lease does, in fact, include an option to purchase. Specifically, § 30 provides as follows:

30.     **OPTION TO PURCHASE**

In consideration of and as a material inducement to Lessee [Wendy's] to enter into this Lease, Lessor [defendant] hereby grants to Lessee the option to purchase the Real Property (the "Option") on and subject to the following conditions:

* * *

G.      Assignment of Option

This Option and all rights may be assigned by Lessee at any time before or after exercise of the Option without notice to or consent by Lessor. Assignment of this Lease shall not constitute an assignment of this Option *unless specifically assigned* by Lessee. Lessee may retain this Option notwithstanding an assignment of this Lease. [Emphasis added.]

The memorandum of lease provides the same:

5.      **OPTION TO PURCHASE**

In consideration of and as a material inducement to Lessee to enter into this Lease, Lessor hereby grants to Lessee the option to purchase the Real Property (the **"Option"**) on and subject to the following terms and conditions:

* * *

B.      Assignment of Option

This Option and all rights may be assigned by Lessee at any time before or after exercise of the Option without notice to or consent by Lessor. Assignment of this Lease shall not constitute an assignment of this Option *unless specifically assigned* by Lessee. Lessee may retain this Option notwithstanding an assignment of this Lease. [Emphasis added.]

This language is unambiguous. Therefore, this Court must enforce it according to its plain and ordinary meaning. *Hastings Mut Ins Co*, 286 Mich App at 292. Doing so, the only reasonable interpretation is that, in order for the option to purchase to be assigned, the assignor, in this case Wendy's and later Wexall, must "specifically assign[]" the option to purchase to the assignee, in this case Wexall and later plaintiff. Thus, the issue before this Court is whether the

-4-

evidence provided by the parties created a genuine issue of material fact as to whether the option to purchase was *specifically assigned* from Wendy's to Wexall and from Wexall to plaintiff. We conclude that it did.

A trial court properly grants a motion for summary disposition pursuant to MCR 2.116(C)(10) when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *BC Tile & Marble Co*, 288 Mich App at 583. "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party." *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ." *Id*. at 510.

The written assignments of this lease from Wendy's to Wexall and from Wexall to plaintiff do *not* specifically assign the option to purchase. Instead, they each generally assign "all . . . estate, right title and interest in, to and under the Lease." However, plaintiff has provided the May 9, 2014 reaffirmation, which provides "that the assignment to Wexalls [from Wendy's] encompasses the entire interest of Wendy's, including the specific right to exercise the Option to Purchase contained in Paragraph 30 of said Ground Lease" and that "the assignment and transfer of the Option to Purchase was specifically contemplated and negotiated and [plaintiff] paid good and valuable consideration for the right to exercise the Option to Purchase." Applying the rules set forth above, the discrepancy between the language used in the written assignments and the reaffirmation is sufficient to create a genuine issue of material fact. Stated differently, reasonable minds could differ as to whether the option to purchase was specifically assigned given the fact that the written assignments themselves are entirely void of specific language addressing the option to purchase.

Accordingly, we conclude that the trial court erred in concluding that no genuine issue of material fact existed as to whether the option to purchase was specifically assigned from Wendy's to Wexall and from Wexall to plaintiff. Thus, summary disposition was improper, and this question should be presented to the trier of fact.

## B. "THE REAL PROPERTY"

A trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(10) is reviewed de novo. *BC Tile & Marble Co, Inc*, 288 Mich App at 583. "The proper interpretation of a contract is a question of law that this Court reviews de novo." *Smith Trust*, 274 Mich App at 285. Whether a trial court failed to follow an appellate ruling on remand is also a question of law that this Court reviews de novo. *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). Trial courts are required to comply with a mandate of this Court after remand. *Id*. "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *Sokel v Nickoli*, 356 Mich 460, 464; 97 NW2d 1 (1959).

In the earlier order in this case, a panel of this Court expressly concluded as follows: "The materials provided to this Court reflect that defendant raised genuine issues of material fact

whether the lease's description of 'real property' includes the improvements." *Stanton*, unpub order at 1. Therefore, it expressly concluded that plaintiff "did not demonstrate in the circuit court that it was entitled to judgment as a matter of law." *Id*. Despite this clear conclusion, the trial court, without receiving any additional evidence relating to this issue on remand, concluded that plaintiff was entitled to summary disposition because there were not genuine issues of material fact as to whether the lease's description of "the Real Property" includes the improvements. Obviously this conclusion is in direct conflict with this Court's previous order in this case and must be reversed. *Schumacher*, 275 Mich App at 127; *Sokel*, 356 Mich at 464.

Plaintiff takes issue with this conclusion, claiming that the law of the case doctrine does not apply orders on applications for leave to appeal, to dicta, or to orders reversing trial court decisions due to the existence of a genuine issue of material fact. These arguments are both unpersuasive and irrelevant. Lower courts are prohibited from taking actions inconsistent with the rulings of appellate courts. *Schumacher*, 275 Mich App at 127; *Sokel*, 356 Mich at 464. That is precisely what the trial court did in this case. Plaintiff also claims that the trial court obeyed this Court's order by reconsidering defendant's argument relating to whether the option to purchase was specifically assigned. While it is true that the court followed that directive, that alone does not remedy the trial court's failure to follow the remainder of the order.

Moreover, even ignoring our previous order, we nevertheless would conclude that the trial court erred in concluding that there was no genuine issue of material fact as to whether the option to purchase was for the land or for the land and the restaurant. As stated above, the ground lease is subject to the ordinary rules of contract interpretation. *G&A Inc*, 204 Mich App at 330-331; *Sprik*, 43 Mich App at 186. Consequently, "[i]f the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law." *Hastings Mut Ins Co*, 286 Mich App at 292. If the contractual language is ambiguous, however, the meaning of the ambiguous language poses a question of fact. *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527; 791 NW2d 724 (2010).

Here, the ground lease provides that the lessee has "the option to purchase the Real Property" subject to various provisions. Section 1 of the ground lease provides as follows:

1. **PREMISES**

In consideration of the rents, covenants and agreements hereinafter set forth, Lessor does hereby demise and lease to Lessee, and Lessee does hereby take and hire from Lessor that certain real property situated in the City of Southgate, County of Wayne and State of Michigan, containing approximately 43,554 square feet of land, and any and all improvements which now are or which shall be situated on said real property (the **"Real Property"**) together with all rights, easements and appurtenances thereunto belonging or appertaining, (collectively referred to herein as the **"Leased Premises"**), said Real Property being those more fully described in **Exhibit A** attached hereto and made a part hereof by reference.

-6-

Applying the rules set forth above, it is unclear whether the reference to "the Real Property" in § 30 includes the land or the land and the restaurant, i.e., an improvement to the land. Thus, because the language is ambiguous, a question of fact exists.

Accordingly, we conclude that the trial court erred in concluding that there was no genuine issue of material fact as to whether the option to purchase was for the land or for the land and the restaurant. Thus, summary disposition was improper, and this question should be submitted to the trier of fact.

## C. ATTORNEY FEES AND DAMAGES

In light of our conclusion above, it is unnecessary for us to address defendant's arguments relating to the trial court's attorney fees and damages awards. We would note, however, that "[w]hen requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). There are a variety of factors that the Michigan Supreme Court has said a trial court should consider in assessing the reasonableness of requested attorney fees. *Smith v Khouri*, 481 Mich 519, 529-530; 751 NW2d 472 (2008). First, a trial court should determine "the fee customarily charged in the locality for similar legal services" "us[ing] reliable surveys or other credible evidence of the legal market." *Id*. at 530-531. Then, it should consider the factors set forth in MRPC 1.5(a) and *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982), to determine whether the amount requested is reasonable. *Id*. at 529-530. Consequently, if attorney fees are eventually appropriate in this matter, this procedure is necessary.

## III. CONCLUSION

In sum, because we conclude that a genuine issue of material fact exists as to whether the option to purchase was specifically assigned and as to whether the reference to "the Real Property" in § 30 of the lease refers to the land or the land and the restaurant, summary disposition pursuant to MCR 2.116(C)(10) was improper. We therefore reverse the trial court's November 20, 2014 final judgment awarding plaintiff $93,910.08 in damages and $139,394.34 in attorney fees and ordering defendant to convey the land at issue to plaintiff as well as its September 19, 2014 order granting plaintiff summary disposition and remand this matter for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien

-7-