*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES TIMOTHY FARRELL,

   Appellee,

v

INGHAM COUNTY CLERK,

   Appellant.

UNPUBLISHED
February 10, 2022

No. 355127
Ingham Circuit Court
LC No. 20-000138-AA

Before: GLEICHER, C.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Appellant, Ingham County Clerk, appeals as of right the trial court's opinion and order reversing appellant's decision to revoke appellee, James Timothy Farrell's, concealed pistol license (CPL) and its decision reinstating appellee's CPL. We reverse.

## I. BACKGROUND

On January 10, 2020, defendant pleaded guilty to and was sentenced for operating a motor vehicle while impaired, MCL 257.625(3). In a January 13, 2020 letter, appellant notified appellee that it had revoked his CPL, citing MCL 28.428. In the notice of revocation, appellant informed appellee he could appeal the revocation to the circuit court in his jurisdiction.

Appellant attempted to file a claim of appeal in the Ingham County Circuit Court on multiple occasions. On February 3, 2020, the court clerk received a claim of appeal that was dated January 31, 2020, but rejected the filing because appellee did not include the filing fee and the case code was omitted or incorrect.

On February 10, 2020, the court clerk received a claim of appeal from appellee that was dated February 6, 2020. The court clerk sent appellee two return slips on February 10, 2020. On the first return slip, the court clerk rejected the filing because appellee did not include the filing fee and because the case code was omitted or incorrect. On the second return slip, the court clerk

wrote "2nd Req." and rejected the filing because the claim of appeal failed to include the case code.[1]

On February 12, 2020, the court clerk apparently accepted for filing a claim of appeal that was dated January 31, 2020 and assigned it case number "20-115-AA." On February 24, 2020, the court clerk received a claim of appeal from appellee that was dated February 21, 2020, and with "AA" handwritten as the case code. The court clerk rejected the filing on the basis that appellee did not include a $20 "Motion Fee" and because the case caption, case number, and case code was either omitted or incorrect. The court clerk wrote on the rejection slip, "Case filed on 2/12/20 with check receipted that day." On February 26, 2020, the clerk accepted for filing a second claim of appeal that was also dated February 21, 2020, and was identical in substance to the claim of appeal that was accepted for filing on February 12, 2020, but assigned "20-138-AA" as a case number. The trial court consolidated the appeals.

In April 2020, appellant filed a motion to dismiss, arguing in relevant part that appellee did not timely file his appeal, i.e., within 21 days after appellant issued the notice of revocation, and therefore, the trial court did not have jurisdiction. Appellee filed a response, asserting that the check he had enclosed with his initial appeal attempt had been returned to him, but that he resubmitted the check with an appeal that was later accepted. Appellee stated that the check was cashed on February 18, 2020. He also stated that a different check that he had submitted with his second appeal attempt was cashed on March 2, 2020. Appellee argued that, because he received his first check back in the mail and resubmitted it, the court clerk had to have received the check with his first claim of appeal attempt. Appellee also argued that the lack of a case code was not "jurisdictional."

At a hearing on appellant's motion to dismiss, the trial court stated that it thought it was important to see the canceled check appellee claimed he had submitted with his first appeal attempt to determine when appellee wrote the check. The trial court did not order appellee to produce his bank statements, but instead found that, because appellee received the first check back in the mail, the court clerk had received the check with appellee's first claim of appeal on February 3, 2020. The trial court determined that the lack of a case code was not "jurisdictional" and found that appellee timely filed his claim of appeal. The trial court also concluded that that, "even if a subsequent claim of appeal was filed, they [sic] would still, under these circumstances, relate back to the original one that I found was filed in a timely fashion."

In June 2020, the trial court entered an order denying appellant's motion to dismiss. In October 2020, the trial court issued an opinion and order, concluding that appellee did not have a disqualifying conviction. Therefore, the trial court reversed appellant's decision to revoke appellee's CPL and ordered appellant to reinstate appellee's CPL. This appeal followed.

## II. ANALYSIS

---

[1] It is unclear what the court clerk meant by "2nd Req."

Appellant argues that the trial court clearly erred by finding that appellee timely filed his claim of appeal. Therefore, appellant argues that the trial court did not have jurisdiction over appellee's appeal and erred by denying the motion to dismiss. We agree.

This Court reviews de novo jurisdictional rulings and issues of statutory interpretation. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 152; 677 NW2d 874 (2003). Appellate courts review de novo a motion to dismiss an appeal for a lack of jurisdiction. See *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360; 917 NW2d 603 (2018). This Court reviews a trial court's factual findings for clear error. *Patterson v Beverwyk*, 320 Mich App 670, 681; 922 NW2d 904 (2017). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Patel v Patel*, 324 Mich App 631, 633; 922 NW2d 647 (2018).

MCL 28.428(1) provides, in relevant part:

> The county clerk in the county in which a license was issued to an individual to carry a concealed pistol shall . . . revoke . . . a license as required under this act if ordered by a court or if the county clerk is notified by a law enforcement agency . . . of a change in the licensee's eligibility to carry a concealed pistol under this act.

MCL 28.425d(1) provides, in relevant part, "If the county clerk issues a notice of statutory disqualification, . . . the applicant may appeal the notice of statutory disqualification . . . to the circuit court in the judicial circuit in which he or she resides. The appeal of the notice of statutory disqualification . . . shall be determined by a review of the record for error."

"The time limit for filing an appeal in the circuit court is jurisdictional; a circuit court lacks jurisdiction over an untimely filed claim of appeal." *Quality Market v Detroit Bd of Zoning Appeals*, 331 Mich App 388, 393; 952 NW2d 603 (2019). See MCR 7.104(A). MCR 7.121, which governs CPL appeals, states, "Unless this rule provides otherwise, MCR 7.101 through MCR 7.114 apply." MCR 7.121(A).

"An appeal of right to the circuit court must be taken within . . . 21 days or the time allowed by statute after entry of the judgment, order, or decision appealed from[.]" MCR 7.104(A)(1)(a). "To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the circuit court within the time for taking an appeal: (1) the claim of appeal, and (2) the circuit court's appeal fee, unless the appellant is indigent." MCR 7.104(B).

With respect to documents prepared for filing in the courts of Michigan, "[t]he first part of every document *must* contain a caption stating . . . the case number, including a prefix of the year filed and a two-letter suffix for the case-type code from a list provided by the State Court Administrator pursuant to MCR 8.117, according to the principal subject matter of the proceeding . . . ." MCR 1.109(D)(1)(b)(*iii*) (emphasis added). And, concerning appeals, the caption of a claim of appeal *shall* comply with MCR 1.109(D)(1)." MCR 7.104(C)(1)(a) (emphasis added). If a claim of appeal (or any document) is submitted for filing in a Michigan

court but does not comply with the above-stated requirement, the claim of appeal (or other document), may be rejected.

MCR 8.119(C) provides, in relevant part:

> The clerk of the court shall process and maintain documents filed with the court as prescribed by Michigan Court Rules and the Michigan Trial Court Records Management Standards and all filed documents must be file stamped in accordance with these standards. The clerk of the court may only reject documents submitted for filing that do not comply with MCR 1.109(D)(1) and (2) . . . or are not accompanied by a required filing fee or a request for fee waiver, unless already waived or suspended by court order.

In this case, regardless of whether appellee included the filing fee with the claim of appeal that the court clerk received on February 3, 2020, the court clerk also rejected the filing under MCR 8.119(C) because the claim of appeal did not include the case code required by MCR 1.109(D)(1). Appellee did not dispute that the claim of appeal that was rejected on February 3, 2020, did not include a case code. Rather, appellee argued that the lack of a case code was not "jurisdictional" and the trial court agreed stating, "So I agree the case code is not jurisdictional. I don't think the Clerk rejected [the claim of appeal] on that basis." However, as previously stated, to vest the circuit court with jurisdiction in an appeal of right, appellee was required to timely file "(1) the claim of appeal, and (2) the circuit court's appeal fee . . . ." MCR 7.104(B). Because, at the least, appellee did not properly file the first claim of appeal (due to its lack of compliance with MCR 1.109(D)(1)), the circuit court was never vested with subject-matter jurisdiction over appellee's appeal as of right on February 3, 2020, and the window for filing a claim of appeal subsequently expired, making any later-filed claim of appeal untimely. Accordingly, the trial court did not have jurisdiction over the appeal that was finally accepted as compliant.[2] See *Quality Market*, 331 Mich App at 393. See also MCR 7.104(B) (stating that to vest the circuit court with jurisdiction, an individual must timely file the claim of appeal). "When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992). Therefore, the trial court erred by not dismissing appellee's appeal. Moreover, if we had found that the trial court properly allowed appellee's appeal to proceed, we would nevertheless have found that the trial court erred in concluding that appellee's conviction of operating a motor vehicle while impaired was not a disqualifying conviction.

---

[2] At the motion hearing, appellee alternatively argued that the trial court should "accept [the claim of appeal] as an appeal by leave." MCR 7.105(G)(1) provides, in relevant part, "When an appeal of right . . . was not timely filed, the appellant may file an application as prescribed under subrule (B) accompanied by a statement of facts explaining the delay." However, MCR 7.103(B)(4) provides that "[t]he circuit court may grant leave to appeal from . . . a final order or decision of an agency if an appeal of right was not timely filed *and a statute authorizes a late appeal*[.]" (Emphasis added.) In this case, appellee did not file an application for leave to appeal. Regardless, the latter requirement in MCR 7.103(B)(4) is lacking in that MCL 28.425d does not authorize an appeal by leave granted or a late appeal.

-4-

MCL 28.425b(7)(i)(*i*) provides, in relevant part:

> (7) The county clerk shall issue and shall send by first-class mail a license to an applicant to carry a concealed pistol within the period required under this act if the county clerk determines that all of the following circumstances exist:
>
> * * *
>
> (i) Based solely on the report received from the department of state police under subsection (6), the applicant has not been convicted of a misdemeanor violation of any of the following in the 3 years immediately preceding the date of application . . . .
>
> (*i*) Section 625 (operating under the influence), section 625a (refusal of commercial vehicle operator to submit to a chemical test), section 625k (ignition interlock device reporting violation), section 625*l* (circumventing an ignition interlock device), or section 625m punishable under subsection (3) of that section (operating a commercial vehicle with alcohol content) of the Michigan vehicle code, 1949 PA 300, MCL 257.625, 257.625a, 257.625k, 257.625*l*, and 257.625m.

MCL 257.625, in turn, provides, in relevant part:

> (1) A person, whether licensed or not, shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:
>
> (a) The person is *under the influence* of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.
>
> * * *
>
> (2) The owner of a vehicle or a person in charge or in control of a vehicle shall not authorize or knowingly permit the vehicle to be operated on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of motor vehicles, within this state by a person if any of the following apply:
>
> (a) The person is *under the influence* of alcoholic liquor, a controlled substance, other intoxicating substance, or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.
>
> * * *
>
> (3) A person, whether licensed or not, shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor

vehicles, including an area designated for the parking of vehicles, within this state when, due to the consumption of alcoholic liquor, a controlled substance, or other intoxicating substance, or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance, the person's ability to operate the vehicle is visibly impaired. If a person is charged with violating subsection (1), a finding of guilty under this subsection may be rendered. [Emphasis added.]

"A court's primary purpose in interpreting a statute is to ascertain and effectuate legislative intent," *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011), by "focusing first on the statute's plain language," *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). If the statutory language is unambiguous, "[this Court] must enforce them as written and no further judicial construction is permitted." *NACG Leasing v Dep't of Treasury*, 495 Mich 26, 28; 843 NW2d 891 (2014). Our rules of statutory interpretation require us to give every word in a statute meaning and to avoid a construction that would render any part of the statute surplusage or nugatory. *Duffy v Michigan Dept of Nat Res*, 490 Mich 198, 215; 805 NW2d 399 (2011).

The trial court concluded that operating a motor vehicle while impaired was not a disqualifying conviction because MCL 28.425b(7)(i)(*i*) stated " 'Section 625 (operating under the influence),' " and "[t]he only mention of 'operating under the influence' is contained in the definition section of Operating While Intoxicated. MCL 257.625(1)(a)." However, although MCL 257.625(1) pertains to " 'operating while intoxicated,' " contrary to the trial court's assertion, MCL 257.625(1)(a) does not use the language "operating under the influence." Rather, it uses the language "under the influence." MCL 257.625(1)(a).

More importantly if, in MCL 28.425b(7)(i)(*i*), the Legislature intended to reference only certain crimes under MCL 257.625 as disqualifying offenses, it could have done so by specifying the specific subsection or subsections, as it did in other portions of the same statute. For example, MCL 28.425b(7)(i)(*i*) states that "section 625m punishable under subsection (3) of that section (operating a commercial vehicle with alcohol content)" is a disqualifying conviction. Had the Legislature intended to restrict the applicable crimes under MCL 257.625 as the trial court found, it could have done so by stating "Section 625 punishable under subsections (1) (operating while intoxicated)." It did not. Rather, in MCL 28.425b(7)(i)(*i*), the Legislature references "Section 625 (operating under the influence)" generally, without reference to any subsection. Because the Legislature referenced Section 625 generally, MCL 28.425b(7)(i)(*i*) applies to any conviction under Sec. 625 of the Michigan Vehicle Code as disqualifying. Therefore, the trial court erred by concluding that appellee's conviction of operating while operating a motor vehicle while impaired, which falls within Section 625, was not a disqualifying conviction.

We reverse.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Anica Letica