# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 26, 2006

129622 & (38)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____

IN RE ESTATE OF JUNE LOUISA CUMMIN,
Deceased.

_____

EDWARD MURPHY, Personal Representative of
the Estate of JUNE LOUISA CUMMIN,
Deceased,

        Petitioner-Appellee/
        Cross-Appellant,

v

                                        SC: 129622
                                        COA: 253594
                                        Clare PC: 00-013321-SE

BETH HEGYI,

        Respondent-Appellant/
        Cross-Appellee.

_____/

On order of the Court, the application for leave to appeal the August 23, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals that affirmed the probate court's imposition of a constructive trust on the proceeds of respondent's sale of the property at issue. Judge Wilder correctly concluded in *In re Estate of Cummin*, 258 Mich App 402 (2003), that an agent may engage in self dealing if the principal consents and has knowledge of the details of the transaction and the passage of time and the change in decedent's mental status could not affect respondent's authority to transfer the property if decedent had consented to the transaction with knowledge of its details. *Id.*, pp 409-410. Judge Wilder also correctly concluded that the Estates and Protected Individuals Code (EPIC) prohibition against self-dealing, MCL 700.1214, does not apply because respondent had an accrued right in the property before EPIC took effect on April 1, 2000, MCL 700.8101(2)(d). *Id.*, p 408. Application of these conclusions to the probate court's factual findings that respondent and her husband credibly testified that decedent requested respondent to transfer the property to herself, together with the lack of

any evidence that decedent ever changed her mind in that regard, preclude the imposition of a constructive trust in favor of decedent's estate.  We REMAND this case to the Clare Probate Court for further proceedings consistent with this order.  The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH and WEAVER, JJ., would grant leave to appeal.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 26, 2006

Clerk

s0419