SCHUMACHER v DEPARTMENT OF NATURAL RESOURCES

Docket No. 266524. Submitted March 6, 2007, at Lansing. Decided April 3, 2007, at 9:00 a.m.

Matthew J. Schumacher, the owner of landlocked parcels of real property in Midland County, brought an action against the Department of Natural Resources in the Midland Circuit Court after the department denied the plaintiff's request for a permit to clear a trail across adjacent state land to provide access to the property. The court, Thomas L. Ludington, J., granted the plaintiff an easement by necessity, but limited its use to nonmotorized vehicles, consistent with the technology existing in the early 1900s when the property became landlocked. Both parties appealed, and the Court of Appeals, DONOFRIO, P.J., and SAAD and OWENS, JJ., affirmed the grant of the easement, but reversed in part and remanded for a determination regarding the proper scope of the easement. The Court of Appeals noted that although the trial court erred in strictly limiting the easement to transportation used in the early 1900s, the plaintiff should not have unfettered access to his property. The Court of Appeals instructed the trial court to determine the uses reasonably contemplated by the original grantor in the early 1900s, considering both anticipated evolutionary change and the isolated, wild condition of both properties. It was noted that the easement must be limited to what is necessary for reasonable enjoyment of the property, with minimum burden on the servient estate. 256 Mich App 103 (2003). On remand, the trial court, Thomas L. Ludington, J., held that the scope of the easement should provide for ingress and egress for motor vehicles in the least intensive manner consistent with the Edenville Township zoning and land use ordinances, together with access to improve the private road and access for utilities, including electricity, consistent with state and federal law and municipal regulation. The defendant appealed.

The Court of Appeals *held*:

The holding of the trial court is ambiguous and problematic and leaves open both the use and the scope of the easement. The implication that the easement has to comply with the requirements of the township's private road ordinances, as opposed to the

township's driveway provisions, was not explained by the trial court. The holding that the easement must comply with the township's requirements for private roads must be reversed and the matter must be remanded for a determination of the use and scope of the easement consistent with the directions of the Court of Appeals in the first appeal of this matter.

Reversed and remanded.

PROPERTY — EASEMENTS BY NECESSITY — SCOPE.

A trial court determining the scope of an easement by necessity should measure and define the purpose and character of the easement so that there is reasonable enjoyment by both parties; the use exercised by the easement holder must be reasonably necessary and convenient to the proper enjoyment of the easement with as little burden as possible to the fee owner of the land.

*Clark Hill PLC* (by *Mahesh K. Nayak, Paul F. Novak,* and *Paul C. Smith*), for the plaintiff.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Barbara A. Schmidt,* Assistant Attorney General, for the defendant.

Before: FORT HOOD, P.J., and WHITE and BORRELLO, JJ.

PER CURIAM. This equitable action concerning the scope of an easement is before us after remand to the trial court. See *Schumacher v Dep't of Natural Resources,* 256 Mich App 103; 663 NW2d 921 (2003) (*Schumacher I*). Defendant appeals as of right from the trial court's order on remand granting plaintiff an easement by necessity for ingress and egress and ruling that the scope of the easement will be determined by local ordinances. We reverse and remand for further proceedings.

In the first appeal, *Schumacher I,* the parties cross-appealed the trial court's order granting an easement by necessity to plaintiff, but limiting the use to nonmotorized vehicles. *Id.* at 104. This Court affirmed in part,

reversed in part, and remanded for a determination regarding the proper scope of the easement. *Id.* at 110.

The pertinent facts are set forth in *Schumacher I*:

> In 1896, the state acquired a square, nine-parcel block of land located in Midland County. The state also acquired a tenth parcel that was immediately south of the parcel in the southwest corner of the block. The other adjacent parcels immediately to the south and north of this square, nine-parcel block were privately owned.
>
> Between 1902 and 1904, the state sold the eastern column of three parcels, the western column of three parcels, and the tenth parcel to third parties, retaining only the middle column of three parcels (the subject property). Although the sale left the subject property without ingress and egress, there is no evidence indicating that the state retained an express easement to provide access. Between 1904 and 1911, the state conveyed the subject property to Charles A. Trumbull, and there is, again, no evidence that this conveyance contemplated ingress and egress. The subject property remained undeveloped, and was eventually conveyed to plaintiff.
>
> In 1932, the eastern and western columns of three parcels, as well as two parcels to the south of the subject property, reverted back to the state. The state purchased the third parcel (the easternmost parcel) to the south of the subject property in 1942. The state purchased two of the three parcels to the north of the subject property in 1946. The evidence suggests that the third parcel to the north (the westernmost parcel) remains privately owned.
>
> In 1990, the state granted one of Trumbull's successors in interest to the subject property a permit to clear a trail running across state land to provide ingress and egress. However, the trail was never cleared, and the permit expired.
>
> In 1995, plaintiff purchased the subject property. He applied for, but was denied, a similar permit to clear a trail running across state land.

Plaintiff brought suit against the state, contending that the subject property had an "implied easement of necessity" for ingress and egress as a result of the state's conveyances between 1902 and 1912. The trial court agreed that plaintiff was entitled to an implied easement by necessity. However, the trial court limited the scope of the easement to nonmotorized vehicles, opining that nonmotorized vehicles were the only form of transportation that the state could have contemplated when making the conveyances. The trial court rejected plaintiff's contention that the scope of the implied easement could reasonably expand with technological advances. [*Id.* at 104-106.]

In *Schumacher I,* this Court agreed with plaintiff that the trial court erred by restricting "the easement to transportation used in the early 1900s." *Id.* at 108.

This does not mean that plaintiff should have unfettered access to his property. Rather, this case must be remanded for a determination of the uses reasonably contemplated by the original grantor in the early 1900s, considering both anticipated evolutionary change and the isolated, wild condition of both properties. The easement must be limited to what is necessary for reasonable enjoyment of the property, with minimum burden on the servient estate. [*Id.*]

This Court remanded to the trial court "for a determination regarding the proper scope of the easement." *Id.* at 110.

On remand in the trial court, plaintiff asserted that the easement should be defined in accordance with Edenville Township Zoning Ordinance § 16.04, which provides in pertinent part:

A road or street shall have a 66 feet wide right of way. Each road or street shall be provided with 1 safe exit and 1 safe entrance from a public thoroughfare. Such exit and entrance may be combined or provided separately. Approval for location of such exit and entrance shall be obtained from the County Road Commission or MDOT,

who shall also approve the design and construction thereof in the interest of safety, adequate drainage, and other public requirements. A road or street shall be centered in the right-of-ways. A road or street shall be a minimum 20 feet in width, with a minimum 12 feet overhead clearance to allow access for emergency vehicles.

Regarding the proposed scope of the easement, plaintiff maintained that he planned to seek a zoning change of his land from recreational to residential, so he could subdivide the property into approximately 39 smaller parcels for home sites. Plaintiff asserted that "this is the highest and best use to which the Property may be put." Plaintiff proposed that the scope of the easement should be

[I]n the form of a roadway for public and private access extending from the end of Shearer Road, approximately 7/10 of a mile through the Au Sable State Forest to the northwest corner of the Property.

[The easement] includes the following:

• Two separate lanes, each approximately 17 feet wide, paved with either asphalt or cement.

• A median approximately 20 feet wide.

• Two road shoulders, each approximately 4 feet wide.

• Two irrigation ditches, each approximately 4 feet wide.

The total width of the proposed easement will be 70 feet. [Plaintiff's proposed] plan is substantially consistent with Edenville Township Ordinance, Section 16.04 . . . which requires that a road or street shall have a minimum width of 66 feet. The easement should otherwise conform in all respects with the requirements of Section 16.04. The easement shall be utilized by motorized vehicles.

Plaintiff also indicated that "the easement should also include all necessary utilities . . . run[ning] under-

ground along the median." To construct the easement, plaintiff admitted that he must clear "a substantial number of trees."

The trial court requested briefs regarding whether the scope of the easement by necessity must comply with applicable Edenville Township ordinances. Plaintiff cited no authority on point, but suggested that the township ordinance act, MCL 41.181 *et seq.*, gives Edenville Township "the authority to enact ordinances regarding streets, roads and highways, and to utilize its police powers to enforce such ordinances."

The trial court declined to consider plaintiff's "most recent request that the Court consider his anticipated development of Sequoya Manor Subdivision with the addition of some 39 home sites in accessing the scope of the easement," characterizing it as "an issue beyond the scope of the litigation and authority of the Court."[1] The trial court ruled:

> [I]n conformity with the Court of Appeals' decision, the scope of [plaintiff's] easement for ingress and egress should provide for (i) ingress and egress for motor vehicles over the State's property in the least intensive manner consistent with the Edenville Township's Zoning and Land Use Ordinances, together with the access to improve the private road; and (ii) access for utilities including electricity consistent with state and federal law and municipal regulation.

---

[1] In this regard, the trial court noted further:

> [Plaintiff] asks the Court and the State to presume that he will ask Edenville to "rezone the property before the end of 2005." Courts, however, cannot and should not attempt to furnish answers to hypothetical problems except in conformity with the rules governing declaratory judgments pursuant [to] MCR 2.605. Mr. Schumacher's proposal is at most a hypothetical question. Indeed, Edenville Township is not a party to the litigation.

This appeal ensued.

I

Defendant asserts that the trial court erred on remand by not following the law of the case, i.e., the guiding principles set by this Court for the trial court to apply on remand when determining the scope of the implied easement by necessity. Defendant maintains that the trial court's opinion is a recitation of the parties' arguments without any application to the law of the case. Defendant contends that plaintiff is not entitled to the "highest and best use" of his property; rather, plaintiff is entitled to a reasonable easement that minimally burdens the servient estate.

Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo. *City of Kalamazoo v Dep't of Corrections (After Remand)*, 229 Mich App 132, 134-135; 580 NW2d 475 (1998). A trial court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo. *In re Cummin Estate*, 267 Mich App 700, 704; 706 NW2d 34 (2005), rev'd in part on other grounds 474 Mich 1117 (2006).

Generally, this Court's ruling on an issue in a case will bind a trial court on remand and the appellate court in subsequent appeals. *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). The law of the case doctrine provides:

"[I]f an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand

that is inconsistent with the judgment of the appellate court. [*Id.* at 259-260 (citation omitted).]

"It is the duty of the lower court . . . , on remand, to comply strictly with the mandate of the appellate court." *Rodriguez v Gen Motors Corp (On Remand)*, 204 Mich App 509, 514; 516 NW2d 105 (1994). However, the law of the case doctrine applies only to issues implicitly or explicitly decided in the previous appeal. *Grievance Administrator, supra* at 260. The law of the case doctrine's rationale is to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit; the doctrine does not limit an appellate court's power but, rather, is a discretionary rule of practice. *Kalamazoo, supra* at 135-136. A trial court fails to follow the law of the case when it revisits a matter on which this Court has already ruled. See *id.* at 138.

In *Schumacher I,* this Court concluded:

[T]he trial court erred when it strictly limited the easement to transportation used in the early 1900s. This does not mean that plaintiff should have unfettered access to his property. Rather, this case must be remanded for a determination of the uses reasonably contemplated by the original grantor in the early 1900s, considering both anticipated evolutionary change and the isolated, wild condition of both properties. The easement must be limited to what is necessary for reasonable enjoyment of the property, with minimum burden on the servient estate. [*Schumacher I, supra* at 108 (citation omitted).]

The opinion in *Schumacher I* set forth a number of guiding principles for the trial court to consider in determining a reasonable use for the easement, specifically that plaintiff did not have unfettered access to his property, and that the scope of plaintiff's easement depended on reasonable uses contemplated by the original grantor, considering anticipated evolutionary

changes and the isolated, wild condition of both prop-
erties. *Id.* The opinion explicitly stated that the ease-
ment should be "limited to what is necessary for rea-
sonable enjoyment of the property, with minimum
burden on the servient estate." *Id.*, citing *Frey v Scott*,
224 Mich App 304, 310; 568 NW2d 162 (1997).

We are compelled to remand again for further pro-
ceedings. While, in isolation, the trial court's holding
that the easement includes ingress and egress for motor
vehicles in the least intensive manner consistent with
Edenville Township's ordinances and access for utilities
is unobjectionable, in context, the ruling is ambiguous
and problematic. The trial court's discussion and obser-
vations imply that the easement has to comply with the
requirements of the township's private road ordi-
nances, as opposed to the township's driveway provi-
sions. We cannot discern why the township's private
road ordinances would apply here, and this issue was
not discussed by the trial court. While the trial court's
intent is unclear, its decision can be read as linking the
scope of the easement to whatever is required of plain-
tiff by the local planning and zoning authorities.

We therefore reverse the trial court's holding that the
easement must comply with the township's require-
ments for private roads, and remand for further pro-
ceedings, as discussed later in this opinion.

II

Defendant also asserts that the trial court erred by
not considering the purpose for the easement when
determining the scope of the implied easement by
necessity. Defendant contends that plaintiff initially
indicated that the purpose of the easement would be to
allow plaintiff to use his land for hunting and to build a
house, but that, on remand, plaintiff indicated that he

sought to use his land for a residential development. Defendant argues that the trial court did not consider the purpose of the easement in reaching its conclusion, and that plaintiff's proposed use exceeds what the original parties would have contemplated.

This Court reviews de novo a trial court's ruling on an equitable matter. *Blackhawk Dev Corp v Dexter Village*, 473 Mich 33, 40; 700 NW2d 364 (2005). However, "[t]he extent of a party's rights under an easement is a question of fact," which this Court reviews "for clear error." *Id.* A trial court's finding is clearly erroneous when there is evidence to support the finding but this Court is nevertheless left with the definite and firm conclusion that a mistake has been made. *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 222; 707 NW2d 353 (2005).

An easement is "a right to 'use the land burdened by the easement' rather than a right to 'occupy and possess [the land] as does an estate owner.'" *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 378; 699 NW2d 272 (2005) (citations and emphasis omitted). An easement is a limited property interest that is confined, generally, to a specific purpose. *Id.* at 378-379. An easement by necessity may be implied by law where a landowner splits its property so that one of the resulting parcels is landlocked except for access across the other parcel. *Chapdelaine v Sochocki*, 247 Mich App 167, 172; 635 NW2d 339 (2001). An easement by necessity arises either by grant or reservation: by grant in a case where the grantor created a landlocked parcel in its grantee, or by reservation where the grantor splits its property and leaves itself landlocked. *Id.* at 172-173. In either case, the party asserting the right to the easement by necessity must

demonstrate that the easement is "reasonably necessary, not strictly necessary, to the enjoyment of the benefited property." *Id.* at 173. An easement by necessity is based on "the presumed intent of the parties," as well as public policy that "favors the productive and beneficial use of property." *Id.* Where a conveyance deprives the landowner of access to its property, access rights will be implied unless the parties clearly indicate a contrary intention. *Id.*

The use of an easement must be confined to the purposes for which it was granted, including any rights incident to or necessary for the reasonable and proper enjoyment of the easement, which are exercised with as little burden as possible to the fee owner of the land. *Blackhawk Dev, supra* at 41-42. To determine the scope of an easement by necessity

> [t]he trial court should measure and define the purpose and character of the easement so that there is reasonable enjoyment by both parties. The use exercised by the holders of the easement must be reasonably necessary and convenient to the proper enjoyment of the easement, with as little burden as possible to the fee owner of the land. [*Frey, supra* at 310 (citation omitted).]

In *Schumacher I, supra* at 108, this Court ordered the trial court to determine

> the uses reasonably contemplated by the original grantor in the early 1900s, considering both anticipated evolutionary change and the isolated, wild condition of both properties.

This Court indicated that "plaintiff should [not] have unfettered access to his property," but the access should "be limited to what is necessary for reasonable enjoyment of the property, with minimum burden on the servient estate." *Id.* (citations omitted).

The trial court's opinion on remand leaves open both the use and scope of the easement. It is thus necessary that we remand once again to the trial court. The trial court should make a determination of the uses reasonably contemplated by the original grantor, considering anticipated evolutionary change, as well as the isolated and wild condition of the area. *Id.* The scope of plaintiff's easement by necessity "must be limited to what is necessary for reasonable enjoyment of the property, with minimum burden on the servient estate." *Id.*

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.