# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 25, 2017

Plaintiff-Appellee,

v

No. 330236
Wayne Circuit Court
LC No. 15-004425-01-FC

MARIO SHANTEZ GOSS,

Defendant-Appellant.

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of first-degree felony murder, MCL 750.316, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to life without parole for his felony murder conviction, 5 to 10 years' imprisonment for his felon-in-possession conviction, and two years' imprisonment for his felony-firearm conviction. Defendant appeals, and we affirm.

## I. ADMISSION OF RECORDED PHONE CALL

Originally, the trial court ruled that the admission of a taped jailhouse phone conversation between codefendants Kharvell Lewis and Leontae Davenport was inadmissible because it violated defendant's right to confrontation. However, in an interlocutory appeal, this Court reversed that ruling. This Court held that the conversation did not implicate the Confrontation Clause because the statements were not testimonial. *People v Goss*, unpublished order of the Court of Appeals, entered September 18, 2015 (Docket No. 329315), citing *People v Bennett*, 290 Mich App 465, 483; 802 NW2d 627 (2009). Thus, the conversation was admitted at trial.

---

[1] Defendant was also charged with and convicted of second-degree murder, MCL 750.317. However, the prosecutor moved to vacate the second-degree murder conviction at defendant's sentencing hearing, which the trial court granted.

Defendant challenges the admission of the evidence but also acknowledges that this Court is bound by the law-of-the-case doctrine. Under the law-of-the-case doctrine, "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Grievance Adm'r v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). In other words, if an appellate court has ruled on an issue in a case, it "will bind a trial court on remand and the appellate court in subsequent appeals." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). Accordingly, because the facts are materially the same now as they were in the initial appeal, we are precluded from reconsidering the admissibility of the evidence.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence at trial to support his convictions. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). When determining whether sufficient evidence was presented in a jury trial to support a defendant's conviction, we must review the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). "Circumstantial evidence and reasonable inferences arising therefrom may be used to prove the elements of a crime." *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Defendant acknowledges that the testimony of codefendant Davenport was damaging to his case, but claims that because the testimony was "incredible, false and self-serving," it nonetheless was insufficient to support his convictions. Instead, of challenging the sufficiency of the evidence, defendant challenges the credibility of Davenport. But the assessment of credibility is within the sole province of the jury, which we will not disturb. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013).

Here, if Davenport's testimony were believed, it was sufficient to support defendant's convictions. Davenport testified that (1) defendant and Lewis were with him when they went to Shaw's home, (2) defendant willingly beat Shaw with an improvised weapon, (3) defendant took marijuana and money off Shaw's dining room table, (4) defendant was in possession of a .32 caliber handgun, (5) Davenport was the first to leave the home and heard gunshots from inside after stepping outside, and (6) defendant thereafter exited the home with two guns in his hands. Accordingly, there is no basis for us to reverse the jury's verdict.

Affirmed.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan
