# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RODERICK LAMONT COTTON,

Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 333192
Oakland Circuit Court
LC No. 2010-232925-FC

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right an order denying resentencing after a *Crosby*[1] remand for his first-degree, MCL 750.520b(1)(b)(iii), and fourth-degree, MCL 750.520e(1)(a), criminal sexual conduct (CSC) convictions. Defendant was originally sentenced on September 2, 2011, as a second sexual offender, MCL 750.520f, and as a fourth habitual offender, MCL 769.12, to 35 to 60 years' imprisonment for his first-degree CSC conviction, and 9 to 15 years' imprisonment for his fourth-degree CSC conviction. We affirm.

Defendant filed an appeal challenging his convictions and sentences, and this Court affirmed. See *People v Cotton*, unpublished opinion per curiam of the Court of Appeals, issued January 21, 2014 (Docket No. 306454), p 9, rev'd in part 498 Mich 901 (2015). Defendant then filed an application for leave to appeal in the Michigan Supreme Court, and the Supreme Court entered an order holding the application in abeyance pending a decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Cotton*, 853 NW2d 368 (2014). After the *Lockridge* decision was issued, the Supreme Court entered another order reversing in part the decision of this Court and remanding the instant matter to the trial court to follow the procedure set forth in Part VI of *Lockridge*. *People v Cotton*, 498 Mich 901 (2015). The order provides, in relevant part:

> Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, and we REMAND this case to the Oakland Circuit Court to determine whether the court would have imposed a

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

materially different sentence under the sentencing procedure described in *Lockridge*. On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. [*Id.*]

The trial court held a *Crosby* remand hearing on February 4, 2016. The trial court declined defendant's argument that it consider *People v Stokes*, 312 Mich App 181; 877 NW2d 752 (2015), because the remand order specifically required the trial court to follow the *Lockridge* procedure, and the remand order was "the law of this case." The trial court provided:

I've reviewed the court's extensive file in this matter. . . . I've reviewed the exhausting -- exhaustive sentencing transcript, I reviewed the presentence investigative report. I'm confident that the original sentence would have been imposed absent the unconstitutional constraint on my discretion, and therefore, I reaffirm the original sentence.

The court entered an order "declin[ing] to resentence the defendant for the reasons stated on the record" on February 4, 2016.

On May 5, 2016, defendant filed a motion in the trial court for entry of a claim of appeal, and for an order appointing appellate counsel. Defense counsel clarified that defendant was only seeking to appeal the *Crosby* remand and asserted that the trial court made a mistake in not considering *Stokes*. The trial court granted defendant's claim of appeal on the "narrow issue" of the *Crosby* remand.

On appeal, defendant first argues that the trial court, contrary to the procedures outlined in Part VI of *Lockridge*, failed to state that it was relying on information and circumstances that existed at the time of the original sentence. We disagree.

Defendant preserved his constitutional challenge to the mandatory use of Michigan's sentencing guidelines in a sentencing memorandum before the trial court. *Stokes*, 312 Mich App at 198. We review preserved *Lockridge* issues for harmless error beyond a reasonable doubt, and if a defendant can establish a *Lockridge* error, he is entitled to a *Crosby* hearing on remand for further inquiry regarding whether the error was harmless. *Id*. Defendant was granted a *Crosby* remand, and "[w]hether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). To the extent the remand order allows the trial court discretion to resentence defendant, that decision is reviewed for an abuse of discretion, i.e., whether the trial court's decision fell outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 268-270; 666 NW2d 231 (2003). "A Sixth Amendment challenge presents a question of constitutional law that this Court reviews de novo." See *Lockridge*, 498 Mich at 373.

The Michigan Supreme Court in *Lockridge* determined that Michigan's sentencing guidelines violated the Sixth Amendment, and therefore, rendered them advisory to remedy the problem. *Id*. at 391. Although the guidelines are no longer mandatory, trial courts still have to score and consider them when sentencing a defendant. *Id.* Based on *Crosby*, the Supreme Court determined that "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id.* at 395. If the case is remanded, the trial court must determine whether it would have imposed a "materially different sentence but for the constitutional error." *Id.* at 397. If so, the trial court shall order resentencing. *Id.* The procedure for a *Crosby* remand is set forth in Part VI of the *Lockridge* decision:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the "circumstances existing at the time of the original sentence." [*Id.* at 398, quoting *United States v Crosby*, 397 F3d 103, 117 (CA 2, 2005).]

The trial court properly followed the above procedure pursuant to *Lockridge* on the *Crosby* remand. Although not required by *Lockridge*, the trial court held a *Crosby* remand hearing. There is no indication that defense counsel informed the trial court that defendant would not seek resentencing. The trial court heard the arguments of both parties. Defendant was present. Defendant argues that the trial court erred in that it did not make clear that it was only considering the circumstances that existed at the time of defendant's original sentencing in determining whether it would have imposed a materially different sentence absent the constitutional constraint. However, the trial court stated that it reviewed the court file, the sentencing transcript, and the presentence investigation report before the court declared that it was "confident that the original sentence would have been imposed absent the unconstitutional constraint on [its] discretion." Thus, the trial court only considered the circumstances that existed at the time of sentencing, following the procedure set forth in *Lockridge* and also required by the Supreme Court's order. The remand order provided that if the trial court decided to reaffirm defendant's original sentence, it "may" resentence defendant. Accordingly, it was within the trial court's discretion to resentence defendant, and for the reasons stated, the trial court did not abuse its discretion when it denied resentencing.

Defendant also argues that here, unlike in *Lockridge*, the issue on remand involved preserved, constitutional sentencing errors, and the trial court's analysis on remand should have been different. We disagree.

Defendant asserts that *Lockridge* did not make a distinction between preserved and unpreserved errors, but that *Stokes* suggests that a different procedure should be used when a constitutional error is preserved. Defendant correctly asserts that the defendant in *Stokes*, like this case, preserved his constitutional claim of error by asserting it in the trial court. *Stokes*, 312 Mich App at 198. In *Stokes*, however, we expressly concluded the *Crosby* procedure set forth in *Lockridge* applies to both preserved and unpreserved errors. *Stokes*, 312 Mich App at 200. Defendant urges this Court follow *United States v Lake*, 419 F3d 111 (CA 2, 2005), which held that the *Crosby* procedure does not apply to preserved sentencing errors. *Stokes*, 312 Mich App at 199. However, this Court declined to follow *Lake*:

> [A]lthough *Lockridge* concerned an unpreserved claim of error, the portion of the Court's opinion in which the quoted *Crosby* analysis appears is a section explicitly devoted to describing the appropriate procedure to be followed in cases, such as this one, involving pre-*Lockridge* sentencing errors.
>
> \* \* \*
>
> . . . We see no logical reason why the *Crosby* remand procedure should apply to unpreserved errors, but not to preserved errors. [*Stokes*, 312 Mich App at 200-201.]

Thus, defendant's argument fails. The trial court followed the *Crosby* procedure provided in *Lockridge* to determine that it would not have imposed a materially different sentence but for the unconstitutional constraint. This is exactly what the Supreme Court mandated, and this is in line with our established precedent.

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

-4-