# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRANDON HAROLD CRAWFORD,

Defendant-Appellant.

UNPUBLISHED
December 20, 2018

No. 339783
Wayne Circuit Court
LC No. 12-009385-02-FC

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Following a jury trial, defendant,[1] was convicted of armed robbery, MCL 750.529, and first-degree home invasion, MCL 750.110a(2). Wayne Circuit Court Judge Vera Massey Jones sentenced defendant, as a second habitual offender, MCL 769.10, to 356 months to 70 years' imprisonment for the armed robbery conviction and 84 months to 30 years' imprisonment for the first-degree home invasion conviction. In sentencing defendant, Judge Massey Jones assessed 30 points for his prior record variables (PRVs) and 240 points for his offense variables (OVs). These assessments placed defendant in the "D-VI" category for Class A offenses, making the guidelines minimum sentence range 171 to 356 months' imprisonment as a second habitual offender. Defense counsel unsuccessfully objected to Judge Massey Jones's assessment of 100 points for OV 3 (physical injury to a victim) and 15 points for OV 10 (exploitation of a vulnerable victim). Judge Massey Jones also assessed 50 points for OV 7 (aggravated abuse) upon the prosecution's request.

Defendant appealed to this Court relevant to the issue in the instant appeal, this Court affirmed defendant's convictions, but remanded the case for a determination of whether the trial court would have imposed a materially different sentence but for the constitutional error under

---

[1] Codefendant—Felando Hunter (Hunter)—and defendant were tried jointly, but with separate juries, and their first appeals to this Court were consolidated. See *People v Hunter*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 319020), p 2 n 6. Because defendant's case is the only case addressed in this appeal, and to avoid confusion, we will refer to this Court's previous opinion as *People v Crawford*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 319298).

-1-

*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *United States v Crosby*, 397 F3d 103 (CA 2, 2005). *Crawford*, unpub op at 10-13, 15.

Thereafter, Wayne Circuit Court Judge Shannon N. Walker—who had succeeded Judge Massey Jones as the judge in defendant's case—pursuant to this Court's remand, entered an order denying defendant resentencing. Judge Walker's order states, in its entirety:

> This matter having come before the Court pursuant to the defendant's motion for conviction reduction and resentence, and the Court being duly advised in the premises:
>
> IT IS HEREBY ORDERED the defendant's motion for conviction reduction and resentence pursuant to Lockridge/Crosby is denied. This Court would not have imposed a materially different sentence had it known that it had greater discretion to depart from the guidelines. The sentence is reasonable and this Court would not resentence to a different term.

For the reasons set forth in this opinion, we reverse and remand the matter to the trial court for proceedings consistent with this opinion.

On appeal, defendant first argues that the trial court was required to conduct a hearing and place an appropriate explanation on the record for her decision in denying defendant's request for resentencing. "Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). To the extent the remand order allows the trial court discretion to resentence defendant, that decision is reviewed for an abuse of discretion, i.e., whether the trial court's decision fell outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 268-270; 666 NW2d 231 (2003). "A Sixth Amendment challenge presents a question of constitutional law that this Court reviews de novo." See *Lockridge*, 498 Mich at 373.

In *Lockridge*, 498 Mich at 397-399, our Supreme Court provided guidance on the procedures that a trial court must follow when a *Crosby* remand is ordered:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398-399 (citations and quotation marks omitted)]

This Court recently stated in *People v Howard (After Remand)*, 323 Mich App 239; ___ NW2d ___ (2018), that "[w]hen making his or her threshold determination regarding whether

resentencing is warranted, a newly assigned judge must order the defendant to appear in court and afford the defendant an opportunity to be heard." *Howard*, 323 Mich App at 247-251 (citation omitted). The *Howard* Court reasoned that "human insights important to resentencing cannot be gleaned simply from a review of a cold record," and that a defendant's opportunity to be heard is necessary for the successor trial court judge to achieve a level of familiarity with the case "for a reliable sentencing comparison." *Id*. at 251-252 (quotation marks and citation omitted). "[W]hen a *Crosby* remand is reassigned to a judge who has never dealt with the defendant, both the parties' and the public's perception of the fairness of the process is enhanced by requiring that judge to have some direct contact with the defendant in a formal court proceeding before answering the remand inquiry." *Id*. (quotation marks and citation omitted).

Here, the trial court did not permit defendant to appear before it to advocate for his resentencing. See *id*. Instead, the trial court entered an order denying defendant resentencing, concluding that "[t]his Court would not have imposed a materially different sentence had it known that it had greater discretion to depart from the guidelines," and that defendant's "sentence is reasonable and this Court would not resentence to a different term." As stated in *Howard*, the trial court was *required* to allow defendant to "appear in court and afford [him] an opportunity to be heard." See *id*. Because defendant was entitled to this additional procedural protection under *Howard*, and because the trial court deprived him of it, remand is required[2]

Defendant also argues his sentence was unreasonable and disproportionate. Defendant's issue statement and argument heading in his brief on appeal claim that the trial court: "left intact [an] unreasonable and disproportionate departure sentence;" however, he failed to address this argument in the rest of his brief on appeal. However, "[i]t is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims . . . ." *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006) (citation omitted). Therefore, the issue is abandoned. See *id*.[3]

---

[2] Because we remand this case to the trial court to again determine whether to resentence defendant, we do not reach defendant's argument that the trial court failed to present an adequate explanation for its decision not to resentence defendant. We would, however, direct the trial court to *Lockridge*, 498 Mich at 398, which requires the trial court to "place on the record a decision not to resentence, *with an appropriate explanation*, or vacate the sentence, and with the [d]efendant present, resentence in conformity" with *Lockridge*. [Emphasis added.]

[3] Furthermore, whether defendant's sentence was reasonable is outside the scope of this Court's *Crosby* remand. See *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from the decision on remand.").

Reversed and remanded.  We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering