*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 21, 2019

Plaintiff-Appellee,

v

No. 344796
Wayne Circuit Court
LC No. 14-011033-01-FC

LORENZO BROWN,

Defendant-Appellant.

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order declining to resentence him in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *United States v Crosby*, 397 F3d 103 (CA 2, 2005). We affirm.

Following a jury trial, defendant was convicted of assault with intent to murder, MCL 750.83, carrying a weapon with unlawful intent, MCL 750.226, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to concurrent sentences of 500 to 749 months' imprisonment for the assault with intent to commit murder conviction, and 5 to 10 years' imprisonment each for the carrying a weapon with unlawful intent and felon-in-possession convictions, to be served consecutive to a five-year term of imprisonment for the felony-firearm conviction.

Defendant appealed to this Court, contending that the trial court had violated his right to public trial by closing the courtroom during his trial. Defendant also challenged his sentence on constitutional grounds under *Lockridge*, contending that the trial court impermissibly used judicial fact-finding to score the sentencing guidelines offense variables (OVs), and further contending that the notice of habitual offender enhancement had not been timely filed. This Court, while retaining jurisdiction, remanded defendant's case to the trial court for further findings of fact regarding defendant's right to public trial. *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued November 29, 2016 (Docket Nos. 327734, 327736, 327814), pp 2-6 (*Brown I*). This Court held in abeyance defendant's sentencing issues

regarding the notice of habitual offender enhancement and his constitutional claim under *Lockridge,* pending the completion of the proceedings on remand regarding the public trial issue. *Id*. at 8-9.

After the proceedings on remand were completed by the trial court, this Court affirmed defendant's convictions and held that his challenge involving the timeliness of the habitual offender enhancement notice lacked merit, but remanded to the trial court for a determination of whether resentencing was warranted under *Lockridge*, 498 Mich at 358, and *Crosby*, 397 F3d at 103. This Court did not retain jurisdiction. *People v Brown (After Remand)*, unpublished per curiam opinion of the Court of Appeals, issued April 13, 2017 (Docket Nos. 327734, 327736, 327814), pp 2, 5-9 (*Brown II*). On remand for the second time, the trial court held a *Crosby* hearing, and declined to resentence defendant in light of *Lockridge*.

Defendant now again appeals, this time from the order of the trial court declining to resentence him under *Lockridge*. Defendant, however, argues for the first time that the trial court erred in assessing 50 points for OV 6, 50 points for OV 7, and 10 points for OV 19 because the trial court's scoring of these offense variables was not supported by a preponderance of the evidence. Because defendant did not raise these scoring issues in his initial appeal of right, and because they are outside the scope of the *Crosby* remand now under review, we decline to address them and instead affirm the trial court's determination not to resentence defendant.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). " 'Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo.' " *People v Anderson*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 339725), slip op at 2, quoting *Schumacher v Dep't of Natural Resources (After Remand)*, 275 Mich App 121, 127; 737 NW2d 782 (2007). The denial of a motion for resentencing is reviewed for an abuse of discretion. See *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). A court abuses its discretion when its decision is outside the range of principled outcomes. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012).

In this case, defendant's argument in this appeal is outside the scope of this Court's remand order. During a *Crosby* remand, the trial court must "determine whether [it] would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich at 397. Here, this Court remanded defendant's case to the trial court for the limited purpose of determining whether it would have imposed a materially different sentence had it known that the sentencing guidelines were advisory. *Brown II*, unpub op at 9. The trial court complied with the remand order when it determined that it would not have imposed a different sentence. Therefore, defendant's argument—that the trial court erred in scoring OVs 6, 7, and 19—is outside the scope of this Court's remand order.

We note that defendant's argument on appeal disregards the difference between "evidentiary challenges" and "constitutional challenges." See *People v Biddles*, 316 Mich App 148, 156; 896 NW2d 461 (2016). An evidentiary challenge addresses the adequacy of the evidence supporting the trial court's scoring of OVs; by contrast, a constitutional challenge under *Lockridge* challenges the trial court's use of judicial fact-finding to score OVs. *Id.* The remedy

for a successful evidentiary challenge is an order for resentencing, whereas the remedy for a successful constitutional challenge is a *Crosby* remand, which carries the possibility of resentencing. *Id.* at 156-157.

In his earlier appeal, defendant argued that OVs 6, 7, and 19 were scored using judicial fact-finding in violation of *Lockridge*. *Brown I*, unpub op at 8-9; *Brown II*, unpub op at 6-9.[1] Defendant did not advance a challenge to the trial court's actual scoring of OVs 6, 7, and 19— i.e., that the scoring of those variables was not supported by a preponderance of the evidence. This Court, after the initial remand, determined that the trial court's scoring of the offense variables was based on facts not found by the jury or admitted by defendant, and were used to mandatorily increase the floor of the guidelines minimum sentence range. *Brown II*, unpub op at 6-9. As a result, defendant "demonstrated that an unconstitutional constraint actually impaired his Sixth Amendment rights," entitling him to a *Crosby* remand and the possibility of resentencing. *Brown II*, unpub op at 8. The trial court complied with the parameters of the *Crosby* remand[2] by obtaining the views of the prosecution and defense counsel, holding the *Crosby* remand hearing, and stating, on the record, its reasoning for declining to resentence defendant. The trial court explained that it would not have scored the offense variables differently, and declined to resentence defendant based on circumstances that existed at the time of the initial sentence, as required by *Lockridge*. Therefore, the trial court did not abuse its

---

[1] Defendant also argued that "the information containing the notice of [his] habitual offender enhancement was not timely filed, and therefore, the trial court erred in sentencing him as a habitual offender." *Brown I*, unpub op at 8. This Court initially held that issue in abeyance, but later determined, after remand, that the trial court did not err in sentencing defendant as a fourth habitual offender. *Brown II*, unpub op at 6.

[2] "[O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence." *Lockridge*, 498 Mich at 398 (quotation marks and citation omitted).

discretion in declining to resentence defendant. *Watkins*, 491 Mich at 467. The trial court properly discharged its responsibilities on remand, and we find no error in the trial court's determination that defendant is not entitled to resentencing.

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica