*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAURICE R. GRIGGS,

UNPUBLISHED
March 2, 2023

        Plaintiff-Appellant,

v

No. 361459
Oakland Circuit Court

TAMAROFF MOTORS, INC. and JEFFREY
TAMAROFF,

LC No. 2017-156637-CZ

        Defendants-Appellees.

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

This matter is before this Court for the second time after a remand to the trial court "for a hearing on damages and any other proceedings as the trial court deems appropriate." *Griggs v Tamaroff Motors, Inc*, unpublished per curiam order of the Court of Appeals, issued December 26, 2019 (Docket No. 345922); p 7. On remand, the court did not hold a hearing on damages, however. Instead, the court granted defendants' second motion to set aside the default that had properly been entered against them. Thereafter, the court granted defendants' second motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Plaintiff, Maurice Griggs, appeals that decision by right. On appeal, he contends that the trial court's decision contravened the law-of-the case doctrine because this Court remanded for a hearing on damages, not for the court to reconsider or revisit the issue of whether the default should be set aside. For the reasons stated in this opinion, we reverse the court's order setting aside the default and remand for a hearing on damages.

## I. BASIC FACTS

A default and a default judgment were entered against defendants following their failure to timely file with the court an answer to Griggs's amended complaint. Defendants failed to timely file a motion to set aside a default under MCR 2.603(D). Instead, they moved for relief from judgment under MCR 2.612. The trial court initially denied the motion, but, on reconsideration, the court set aside the default and the default judgment. Subsequently, the court granted summary disposition to defendants. Griggs appealed to this Court, which determined that the trial court did

-1-

not abuse its discretion in setting aside the default judgment because Griggs's damages were not for a "sum certain." *Griggs*, unpub op at 4-5. However, this Court then held that the trial court abused its discretion by setting aside the default. *Id*. at 5-6. Consequently, this Court affirmed the order setting aside the default judgment, but reversed the orders setting aside the default and granting summary disposition to defendants and remanded for "a hearing on [Griggs's] damages and any other proceedings as the trial court deems appropriate." *Id*. at 6.

On remand, the trial court deemed it appropriate to allow defendants to again move for relief from judgment under MCR 2.612. The trial court then entered a new order setting aside the default. Defendants again moved for summary disposition, which the trial court granted. Griggs moved for reconsideration, contending that the court's decision to set aside the default was contrary to the law of the case. The trial court disagreed and denied reconsideration.

## II. LAW-OF-THE-CASE DOCTRINE

### A. STANDARD OF REVIEW

Griggs argues that the trial court contravened the law-of-the case doctrine when it set aside the default. We review de novo whether the law-of-the-case doctrine is applicable. *Duncan v State of Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013). Likewise, "[w]hether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

### B. ANALYSIS

"Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (citations and quotation marks omitted). The doctrine applies to issues that were actually decided, either implicitly or explicitly, in the prior appeal. *Id*.

In the first appeal, this Court determined that the trial court abused its discretion by setting aside the default under MCR 2.612. *Griggs*, unpub op at 5-6. Although this Court reasoned that there were facts that would have supported a finding of good cause to set aside the default, this Court also recognized that setting aside a properly entered default is disfavored. *Id*., citing *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). This Court concluded that, "in the absence of any argument or reasoning that the default had been improperly entered or that good cause existed for setting it aside," the court's order setting aside the default was an abuse of discretion. *Griggs*, unpub op at 6. The trial court's order was, therefore, reversed, and the matter was remanded to the trial court for further proceedings. *Id*. at 1. Specifically, this Court directed that the remand was "for a hearing on [Griggs's] damages *and* any other proceedings as the trial court deems appropriate." *Id*. (Emphasis added).

Despite this Court's order that a hearing on damages be held on remand, the trial court did not hold a hearing on damages. Because a trial court on remand must "comply strictly with the

mandate of the appellate court," *Schumacher*, 275 Mich App at 128 (quotation marks and citation omitted), the court's failure to hold the ordered hearing was erroneous.

On appeal, defendants contend that the second part of the remand order gave the trial court the authority to reconsider whether there was good cause to set aside the default under MCR 2.612. The remand order, however, was not that the trial court either (1) hold a hearing on damages *or* (2) facilitate any other proceedings that it deems appropriate. Instead, this Court ordered that a hearing on damages be held and it indicated that, other proceedings could occur, at the discretion of the trial court. The use of the word "and" instead of "or" indicates that both were to be considered together. Thus, the other proceedings that the court had discretion to permit were implicitly limited to proceedings arising in connection with the hearing on damages or proceedings arising from new facts. The remand did not give the trial court carte blanche to reconsider the issue that had already been decided by this Court, i.e., the propriety of setting aside the default under MCR 2.612. Such a revising or reconsidering an issue is not permitted under the law-of-the-case doctrine. "A trial court fails to follow the law of the case when it revisits a matter on which this Court has already ruled." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 128; 737 NW2d 782 (2007). And reconsideration of a matter already decided during the court of a single continuing lawsuit is contrary to the primary purpose of the law-of-the-case doctrine. *Lenawee County v Wagley*, 301 Mich App 134, 150; 836 NW2d 193 (2013). Consequently, the trial court's decision to reconsider and revisit the defendants' motion to set aside the default was in contravention of the law of the case.

Moreover, "when there has been no material change in the facts or intervening change in the law," application of the law-of-the-case doctrine is mandatory. *Duncan*, 300 Mich App at 189. Here, the facts on remand did not change, materially or otherwise. Rather, relying on the same facts, defendants received a do-over of their motion for relief from judgment. The only meaningful change is in the trial court's rationale supporting its decision to set aside the default. Specifically, in the second order setting aside the default, the trial court provided a significantly more detailed rationale in support of its decision. Yet, if this Court had merely desired the court to provide support for its ruling, this Court could have remanded with directions for the court to articulate a factual basis for its decision. See, e.g., *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010) (reversing and remanding because the trial court failed "to make findings of fact that [were] susceptible to appellate review"); see also *In re Ujlaky*, 498 Mich 890 (2015) (remanding for the trial court—which failed to address the reasonableness of the requested attorney fees—to either award fees or "articulate on the record its basis for concluding that such fees are not reasonable."). The fact that this Court did not do so is telling. The trial court was ordered to hold a hearing on damages and other proceedings were allowed in the court's discretion. Those other proceedings did not include permission for the trial court to reconsider and revisit issues that were decided explicitly in the first appeal. Reversal is required.

Reversed and remanded for a hearing on damages. We do not retain jurisdiction. Griggs may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan