EMPLOYERS MUTUAL CASUALTY COMPANY v HELICON ASSOCIATES, INC, No. 152994; reported below: 313 Mich App 401. The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether the consent judgment amounts to a "judgment or adjudication . . . based on a *determination*" of the insured's conduct [emphasis added]; and, if so, (2) whether it was "a determination that acts of fraud or dishonesty were committed by the 'insured.' " The parties should not submit mere restatements of their application papers.

*Leave to Appeal Denied July 1, 2016:*

SEJASMI INDUSTRIES, INC v A+ MOLD, INC, No. 153625; Court of Appeals No. 328292.

VIVIANO, J., did not participate due to a familial relationship with the presiding circuit court judge in this case.

DONALDSON v DEPARTMENT OF HEALTH AND HUMAN SERVICES, No. 153953; Court of Appeals No. 333210.

*Reconsideration Denied July 1, 2016:*

PEOPLE v URIBE, No. 151899; reported below: 310 Mich App 467. Summary disposition at 499 Mich 921.

*Summary Disposition July 8, 2016:*

PEOPLE v HALE, No. 153332; Court of Appeals No. 322144. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. We do not retain jurisdiction.