# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SENICA DEMICE HALE,

Defendant-Appellant.

UNPUBLISHED
March 8, 2018

No.  336585
Wayne Circuit Court
LC No.  13-008126-01-FC

Before:  TALBOT, C.J., and BECKERING and CAMERON, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, carjacking, MCL 750.529a, felon in possession of a firearm, MCL 750.224f, felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b.  Defendant was sentenced to concurrent prison terms of 18 to 60 years' imprisonment each for the armed robbery and carjacking convictions, six months to five years' imprisonment for the felon-in-possession conviction, and six months to four years' imprisonment for the felonious assault conviction, to be served consecutive to a five-year term of imprisonment for the felony-firearm conviction, MCL 750.227b(2).  *People v Hale*, unpublished per curiam opinion of the Court of Appeals, issued February 23, 2016 (Docket No. 322144), p 1.

Defendant appealed to this Court and argued a witness's identification of defendant was tainted by an impermissibly suggestive pretrial photographic lineup, his counsel was ineffective for failing to move to suppress the identification testimony and failing to request a *Wade*[1] hearing, the prosecutor engaged in misconduct, and the prosecutor committed a *Brady*[2] violation when she failed to produce a cell phone recording of a surveillance store video.  *Hale*, unpub op at 2-8.  This Court affirmed defendant's convictions and sentences.  *Id*. at 1, 9.  Defendant then filed an application for leave to appeal with the Michigan Supreme Court.  On June 23, 2016, defendant filed a motion to allow him to file, *in propria persona*, a Standard 4 supplemental application for leave.  Defendant argued that he was entitled to resentencing because the trial

---

[1] *United States v Wade*, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

[2] *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

court erred by assessing points to offense variables (OV) 2 and 7 and improperly assessed OVs 3 and 13 in violation of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). On July 8, 2016, the Michigan Supreme Court entered an order remanding the case to the trial court for a determination of whether it "would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*." *People v Hale*, 499 Mich 974; 880 NW2d 596 (2016).

On July 21, 2016, the trial court entered an order denying defendant resentencing:

This matter having come before the Court pursuant to defendant's motion for conviction reduction and resentence, and the Court being duly advised in the premises:

IT IS HEREBY ORDERED the defendant's motion for conviction reduction and resentence pursuant to Lockridge/Crosby is denied. This Court would not have imposed a materially different sentence had it known that it had greater discretion to depart from the guidelines. The sentence is reasonable and this Court would not resentence to a different term.

Defendant appeals as of right. We reverse and remand.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011) (citation and quotation marks omitted). However, *Lockridge* states that a defendant need not be present unless, and until, the trial court orders him or her to be resentenced. *Lockridge*, 498 Mich at 398. Here, defendant did not challenge the trial court's procedures on remand from the Supreme Court because defendant did not have the opportunity to inform the trial court of whether he would seek resentencing, and no hearing was held. The United States Court of Appeals for the Second Circuit, in *United States v Williams*, 475 F3d 468, 474-476 (CA 2, 2007), held that a defendant is allowed to challenge the procedures used in the lower court on a *Crosby*[3] remand. The trial court's order denying defendant resentencing is a final order and, therefore, defendant is entitled to challenge it. See MCR 7.202(6)(b)(*iv*) (A final order in a criminal case is "a sentence imposed, or order entered, by the trial court following a remand from an appellate court in a prior appeal of right. . . ."). Because the order denying defendant resentencing is a final order, defendant was entitled to an appeal by right, *People v Carico*, 480 Mich 1185, 1185; 747 NW2d 270 (2008), and he is not barred from challenging the procedures utilized by the trial court during the *Crosby* remand, *Williams*, 475 F3d at 474-476.

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). Where a remand order grants discretion to the trial court in resentencing a defendant, that decision is reviewed for an abuse of discretion. *People v Babcock*, 469 Mich 247, 268-270; 666 NW2d 231 (2003). "An abuse of discretion occurs . . . when the

---

[3] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

trial court chooses an outcome falling outside" the range of reasonable and principled outcomes. *Id*. at 269.

Defendant argues that the trial court erred by failing to comply on remand with *Lockridge* and *Crosby*. We agree.

In *Lockridge*, the Michigan Supreme Court provided guidance on the procedures that must be followed by a trial court when a *Crosby* remand is ordered. See *Lockridge*, 498 Mich at 397-399. "[A] trial court considering a case on a *Crosby* remand should first and foremost 'include an opportunity for a defendant to avoid resentencing by promptly notifying the [trial] judge that resentencing will not be sought.' " *Id*. at 398, quoting *United States v Crosby*, 397 F3d 103, 118 (CA 2, 2005). "If the defendant does not so notify the court, it 'should obtain the views of counsel, at least in writing, but "need not" require the presence of the Defendant,' in 'reaching its decision (with or without a hearing) whether to resentence.' " *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 120. "Upon making that decision, the trial court shall 'either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with' this opinion." *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 120.

> Stated differently, on a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398-399 (citations and quotation marks omitted).]

Defendant argues that the trial court's order denying defendant resentencing was made without the benefit of the views of counsel, and therefore, the procedure followed by the trial court pursuant to the remand order was inadequate. We agree.

On remand, the record is devoid of any indication that defendant informed the trial court whether he would seek resentencing. *Id*. at 398. Where "notification is not received in a timely manner," the trial court "should obtain the views of counsel in some form." *Id*. The record on remand contains no indication that the trial court on remand sought the views of counsel or that counsel presented their views. The prosecution concedes that the trial court did not seek the views of the parties. We therefore reverse the order of the trial court and remand for proceedings in accordance with *Lockridge*. Defendant should be afforded the opportunity to inform the trial court of whether he will seek resentencing. *Id*. If defendant does not timely notify the trial court of his decision regarding resentencing, the trial court must "obtain the views of counsel in some form" and determine whether it will resentence defendant. *Id*.

While not raised on appeal, we acknowledge that a successor judge presided over the proceedings on remand. As to the initial determination on whether to resentence a defendant, the general rule is that a trial court "may but is not required to hold a hearing on the matter," and it "need not have the defendant present when it decides whether to resentence the defendant." *Id*. However, we recently held that when the original sentencing judge is unavailable, "the assigned judge must allow the defendant an opportunity to appear before the court and be heard before the judge can decide whether it would resentence the defendant." *People v Howard*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336150); slip op at 7. Therefore, if defendant chooses to be resentenced, he is entitled to appear before the trial court and be heard. Upon making its decision, "the trial court shall either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with" *Lockridge*. *Lockridge*, 450 Mich at 398 (citation and quotation marks omitted).[4]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Thomas C. Cameron

---

[4] Because we remand this case to the trial court to again determine whether to resentence defendant, we do not reach defendant's argument that the trial court failed to present an adequate explanation for its decision not to resentence defendant.