*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENYAN ALFONSO BOOKER,

        Defendant-Appellant.

UNPUBLISHED
April 25, 2019

No. 343533
Wayne Circuit Court
LC No. 14-006851-01-FC

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's denial of his request for resentencing following this Court's previous remand for further proceedings consistent with our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We affirm.

Following a jury trial, defendant was convicted of five counts of armed robbery, MCL 750.529; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and felon in possession of a firearm, MCL 750.224f. On January 16, 2015, defendant was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent terms of imprisonment of 20 to 40 years for each armed robbery count and 3 to 10 years for the felon-in-possession count, to be served consecutively to a two-year sentence for the felony-firearm count. Defendant appealed these convictions and sentences on various grounds. This Court affirmed defendant's convictions but ordered a *Crosby*[1] remand, consistent with our Supreme Court's July 29, 2015 decision in *Lockridge*. *People v Booker*, unpublished per curiam opinion of the Court of Appeals, issued June 30, 2016 (Docket No. 325977), p 6. On remand, the trial court conducted a hearing during which it evaluated and reaffirmed defendant's original sentence and denied defendant's request for resentencing. Defendant now appeals.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

## I. RESENTENCING

On appeal, defendant first contends that the trial court abused its discretion by denying his request for resentencing, as the sentence was invalid by virtue of the improperly scored offense variable (OV) 1. We find defendant's argument devoid of merit.

This Court reviews a trial court's sentencing decision for an abuse of discretion. *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). An abuse of discretion occurs when a trial court chooses an outcome falling outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Additionally, "[w]hether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

Under *Lockridge*, 498 Mich at 391, our Supreme Court struck down the statutory provisions rendering the sentencing guidelines mandatory and requiring that a departure from the guidelines be premised on a "substantial and compelling reason." The Court reasoned that the sentencing guidelines were constitutionally deficient to the extent that "the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence . . . ." *Id*. at 364 (emphasis in original). That is, the *coupling* of judicial fact-finding with a sentencing guidelines scheme that increased minimum sentence ranges based on those facts was found unconstitutional. *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016). However, the *Lockridge* court expressly declined to require that OVs be scored only in reliance on facts that are either admitted by a defendant or found by a jury. *Lockridge*, 498 Mich at 389. Rather, it held that the guidelines, although "a highly relevant consideration in a trial court's exercise of sentencing discretion," were advisory and not mandatory. *Id*. at 391. Accordingly, "judicial fact-finding is proper, as long as the guidelines are advisory only." *Biddles*, 316 Mich App at 159.

With respect to defendants sentenced pre-*Lockridge* who could demonstrate that their guidelines minimum sentencing range was potentially affected by an unconstitutional application of the sentencing guidelines, our Supreme Court adopted the remand procedure set forth in *United States v Crosby*, 397 F3d 103 (CA 2, 2005). *Lockridge*, 498 Mich at 395. Such cases are to be remanded to the trial court " 'not for the purpose of a required resentencing but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence . . . .' " *Id*. at 396, quoting *Crosby*, 397 F3d at 117-118 (emphasis altered). Specifically, the trial court must determine "whether that court would have imposed a materially different sentence but for the constitutional error." *Id*. at 397. If the answer is in the affirmative, resentencing is warranted. *Id*.

In his previous appeal, defendant argued that his sentence, which was imposed pre-*Lockridge*, warranted remand, as his mandatory minimum sentencing range was increased by the scoring of several OVs in reliance on judicially-found facts. This Court held that the trial court made factual findings only with respect to OV 1, as the scoring of the other challenged OVs was supported by facts necessarily determined by the jury. *Booker*, unpub op at 5-6. Consequently, the case was remanded to the trial court "for determination whether the court would have

imposed a materially different sentence under the sentencing procedure described in *Lockridge*. If the sentencing court determines that it would have imposed the same sentence, the court may reaffirm the original sentence." *Id*. at 6.

On remand, the trial court stated on the record that defendant's sentence would not have been materially different had the court known that the guidelines were advisory at the time of sentencing. The trial court expounded on its reasoning for selecting a minimum sentence of 20 years, which was within the original minimum guidelines range of 171 to 427 months (14 years, three months to 35 years, seven months). In particular, the trial court considered the violent nature of the offenses, the danger to others, and defendant's criminal history. Accordingly, the trial court denied defendant's request to resentence, stating on the record:

> I recognize that I had discretion in sentencing and I recognize that the guideline range was broad. The Court did not feel constrained by this at all and, in fact, chose a number – a sentence in the middle of the guidelines which the Court feels was a reasonable sentence to the crime and [defendant's] criminal history and proportionate as well.

Defendant contends on appeal that the trial court abused its discretion by denying his request for resentencing because the trial court erroneously assessed 25 points for OV 1 on the basis of factual findings made by the court. Because the allegedly erroneous scoring of OV 1 increased his minimum guidelines range, defendant claims that resentencing is required under Michigan case law.

Defendant's position is flawed in two main respects. First, as discussed above, it is well-established that a trial court is not precluded from scoring OVs on the basis of facts found by the court rather than by a jury, as long as the court regards the resulting guidelines range as advisory and not mandatory. See *Lockridge*, 498 Mich at 389; *Biddles*, 316 Mich App at 159. In the present case, although the trial court's scoring of OV 1 was premised on judicially-found facts, the court nevertheless stated on remand that the sentence would not have differed had the guidelines been advisory at the time of sentencing. Thus, we conclude that the trial court did not improperly score OV 1 and that it complied with this Court's order remanding the case in accordance with the procedures set forth in *Lockridge*.[2]

---

[2] In its opinion remanding the present case to the trial court, this Court stated,

> But the sentencing court engaged in judicial fact-finding with regard to OV 1, thus, defendant's OV score should be reduced by 25 points. The resulting OV score is 40 points, which corresponds with level III and changes the applicable guidelines minimum sentence range from 171-427 months to 135-337 months. Accordingly, defendant is entitled to a "*Crosby* remand." [*Booker*, unpub op at 6 (citation omitted).]

By engaging in this analysis, the Court did not conclude that the trial court erred by scoring OV 1 on the basis of judicial fact-finding. Nor did the Court alter defendant's minimum sentencing

Second, in arguing that resentencing is necessary, defendant relies on legal principles relevant to evidentiary challenges to the scoring of OVs, i.e., claims that the scoring of the OVs was unsupported by a preponderance of the evidence. See *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006) ("[I]f a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon."); *Biddles*, 316 Mich App at 156 ("With respect to the evidentiary challenge, if the trial court clearly erred by finding that a preponderance of the evidence supported one or more of the OV scores . . . , and if the scoring error resulted in an alteration of the minimum sentence range, he would be entitled to resentencing."). Both defendant's first appeal and the instant appeal present constitutional challenges under *Lockridge* as opposed to evidentiary challenges, as they dispute the trial court's scoring of OV 1 on the basis of judicial fact-finding. See *id.* (clarifying that an evidentiary challenge addresses the adequacy of the evidence supporting the trial court's scoring of OVs, while a constitutional challenge under *Lockridge* concerns the trial court's use of judicial fact-finding to score OVs). Thus, defendant has not demonstrated any evidentiary defect in the trial court's scoring of OV 1 that would warrant resentencing.

## II. INEFFECTIVE ASSISTANCE

Defendant next contends on appeal that defense counsel provided ineffective assistance on remand insofar as he failed to inform the trial court of binding case law that would have entitled him to resentencing. We disagree.

Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). This Court reviews a trial court's factual findings for clear error and its constitutional determinations de novo. *Id.* However, defendant failed to preserve his claim of ineffective assistance by moving for a new trial or an evidentiary hearing before the trial court. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Consequently, our review of this unpreserved claim is limited to errors apparent on the record. See *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To succeed on a claim of ineffective assistance of counsel, "a defendant must establish that 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674

---

guidelines range. Rather, the Court simply determined that defendant made a "threshold showing of the potential for plain error sufficient to warrant a remand" by demonstrating (1) that his OV level was calculated by reference to factual findings made by the trial court and (2) "that a corresponding reduction in [his] OV score to account for the error would change the applicable guidelines minimum sentence range." *Lockridge*, 498 Mich at 395, 399. Thus, this Court merely reasoned that defendant was entitled to a *Crosby* remand and not that the trial court erred in scoring OV 1.

(1984). A reviewing court's evaluation of counsel's performance is highly deferential, and a defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 US at 689. "This Court does not second-guess counsel on trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017) (quotation marks and citation omitted).

Defendant contends that defense counsel was ineffective for failing to argue before the trial court that the improper scoring of OV 1 resulted in the alternation of his minimum guidelines range, thereby necessitating remand under *Francisco* and *Biddles*. However, as discussed above, *Francisco* and *Biddles* only entitle a defendant to resentencing because of an altered minimum guidelines range when the defendant makes a successful evidentiary challenge to the scoring of an OV. *Francisco*, 474 Mich at 88; *Biddles*, 316 Mich App at 156-157. Defendant has not made an evidentiary challenge to the scoring of OV 1, nor did the trial court improperly score OV 1. Accordingly, defense counsel was not ineffective for failing to advance this argument or case law before the trial court. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument . . . does not constitute ineffective assistance of counsel.").

Affirmed.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola