# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSEPHUS ANDERSON,

      Defendant-Appellant.

UNPUBLISHED
November 15, 2018

No. 339725
Jackson Circuit Court
LC No. 13-005118-FC

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant, Josephus Anderson, appeals as of right the trial court's resentencing order. We affirm the trial court's rescission of the sentencing agreement, but remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This is the second time this case had been on appeal in this Court. The underlying facts are stated in *People v Anderson*, unpublished per curiam opinion of the Court of Appeals, issued December 8, 2015 (Docket No. 323587), pp 2-3. Pertinent to this appeal, a jury convicted defendant of first-degree home invasion, MCL 750.110a(2); assault with the intent to commit armed robbery (AICAR), MCL 750.89; resisting and obstructing a police officer (obstruction), MCL 750.81d(1); and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 51 to 240 months' imprisonment for the first-degree home-invasion conviction, 81 to 180 months for the AICAR conviction, 330 days in jail for the obstruction conviction, and a consecutive prison term of 24 months for each felony-firearm conviction. On appeal to this Court, defendant challenged his convictions and sentences. This Court affirmed defendant's conviction, but agreed with the prosecutor that defendant's sentencing variables were improperly calculated on the basis of judicially found facts. *Anderson*, unpub op at 3-4. Therefore, this Court remanded the case to the trial court for correction of defendant's presentence investigation report and judgment of sentence. *Id*. at 4. Further, the panel instructed the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *Id*.

-1-

While defendant's first appeal was pending, he entered into an agreement with the prosecution to testify against his brother, Willie Eddie Anderson II, at Willie's[1] trial in exchange for a shorter sentence. Defendant testified at Willie's trial that the plea agreement required him to testify truthfully that Willie participated in the home invasion for which defendant was convicted. Defendant then testified that Willie participated in the home invasion, and Willie was ultimately convicted for that participation.

Following defendant's testimony, the trial court in this case entered an amended judgment of sentence reducing defendant's sentence to 120 days for the first-degree home-invasion, AICAR, and obstructing convictions and to 24 months for the felony-firearm convictions, consistent with the sentence agreement. Subsequently, Willie moved for a new trial in his case. At a hearing on Willie's motion, defendant testified that he perjured himself at Willie's trial and that Willie was not involved in the home invasion. The trial court ultimately denied Willie's motion, and this Court affirmed Willie's convictions and sentence on appeal. See *People v Anderson*, unpublished per curiam opinion of the Court of Appeals, issued October 19, 2017 (Docket No. 331466). Nevertheless, in response to defendant's testimony that he perjured himself at Willie's trial, the prosecutor moved to rescind the sentencing agreement and resentence defendant. The trial court granted this motion and reimposed defendant's original sentence.

This appeal followed.

## II. ANALYSIS

We review a trial court's decision on a motion to rescind a sentencing agreement for an abuse of discretion. See *People v Cole*, 491 Mich 325, 329-330; 817 NW2d 497 (2012). "Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources (After Remand)*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

*Rescission of the Sentence Agreement*. On appeal, defendant first argues that the trial court erred by granting the prosecutor's motion to rescind the plea agreement. We disagree.

Defendant testified on the record that the sentence agreement required him to provide truthful testimony in the case against Willie, in exchange for a lesser sentence. By his own admission, however, defendant perjured himself at Willie's trial. Thus, defendant's own testimony establishes that he breached the sentencing agreement. Moreover, even if defendant is to be believed that he perjured himself at the hearing on Willie's motion for a new trial—rather than at Willie's trial—defendant still breached the sentencing agreement. According to defendant's testimony at Willie's trial, his sentencing agreement required him to testify truthfully in the *case* against Willie, not just at Willie's trial. Thus, regardless of whether defendant

---

[1] Because defendant and his brother share a last name, to avoid any confusion, we use Willie's first name throughout this opinion.

perjured himself at Willie's trial or at the subsequent hearing, the record is clear that defendant breached the sentencing agreement.

By submitting a sentence agreement to the trial court, the prosecutor and the defendant entered into a contractual bargain. Because the defendant and the prosecutor are equally entitled to benefit from the agreement, when the defendant's breach prevents the prosecutor from reaping the benefit of the contractual bargain, the prosecutor has a right to rescind the agreement. See *People v Siebert*, 201 Mich App 402, 413-414; 507 NW2d 211 (1993). Thus, because it is clear that defendant breached his promise to testify truthfully in the case against Willie—either at Willie's trial or at the hearing on Willie's motion for a new trial—the trial court did not abuse its discretion by granting the prosecutor's motion to rescind the sentence agreement.

*Defendant's Resentencing.* Because defendant had already been convicted and sentenced at the time he entered into the sentence agreement, upon rescission of that agreement, the proper course of action, generally, would be for the trial court to reimpose its original sentence. Nonetheless, the original sentence in this case was subject to this Court's remand for reconsideration of the sentence in light of several scoring errors. The trial court, however, never had the opportunity to address this Court's remand order because the parties entered into the sentencing agreement during the pendency of the first appeal. Thus, after granting the prosecutor's motion to rescind the agreement, the trial court was required to address this Court's remand instructions before imposing any sentence.

As noted earlier, in defendant's first appeal, this Court instructed the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*, 498 Mich 358. Under this procedure, the trial court must first grant the defendant an opportunity "to avoid resentencing by promptly notifying the trial judge that resentencing will not be sought." *Id*. at 398 (cleaned up). If the defendant does not so notify the trial court, the trial court should obtain the views of counsel on whether the defendant should be resentenced. *Id*. The defendant's presence is not required when making this inquiry, and thus, the trial court need not hold a hearing. *Id*. Once the trial court has made its decision whether to resentence the defendant, the trial court must "either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the defendant present, resentence" the defendant—again, with an appropriate explanation on the record. *Id*. (cleaned up).

After granting the prosecutor's motion to rescind the plea agreement, the trial court in this case reimposed the original sentence without inquiring whether defendant should be resentenced in light of the earlier-noted scoring errors and without explaining its decision on the record. Thus, we must remand this case for the trial court to follow the procedure set forth in *Lockridge*. Contrary to defendant's argument on appeal, because his presence is not required to make the initial determination whether defendant should be resentenced, the trial court is not required to hold a hearing on remand unless it decides to resentence defendant. Accordingly, defendant's claim that his counsel was ineffective for failing to request a hearing with defendant present is without merit. *People v Sabin (On Second Remand)*, 242 Mich App 656, 660; 620 NW2d 19 (2000). Moreover, because we remand this case for the trial court to follow the *Lockridge*-remand procedure, we need not address defendant's claim that his counsel was ineffective for failing to request that procedure in the first instance.

Thus, we affirm the trial court's rescission of the sentencing agreement, but remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle