*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPHUS ANDERSON,

Defendant-Appellant.

UNPUBLISHED
June 4, 2020

No. 348531
Jackson Circuit Court
LC No. 13-005118-FC

Before: RONAYNE KRAUSE, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant, Josephus Anderson, appeals as on leave granted the trial court's order reaffirming defendant's sentence. We vacate and remand.

## I. BACKGROUND

This matter has a convoluted history. In 2014, defendant was convicted by a jury of various offenses that we need not repeat. *People v Anderson* (*Anderson I*), unpublished per curiam opinion of the Court of Appeals, issued December 8, 2015 (Docket No. 323587), unpub at 1-3. In 2015, we affirmed defendant's convictions, but remanded to correct errors in his sentence guidelines scoring, presentence investigation report (PSIR), and judgment of sentence; and possibly to resentence defendant. *Id.*, unpub at 3-4. While that appeal was pending, defendant agreed to testify against his brother in exchange for a reduced sentence. Thus, instead of following this Court's directions on remand, the trial court entered an amended judgment of sentence reflecting the agreement between defendant and the prosecutor.[1] *People v Anderson* (*Anderson II*), 326 Mich App 747, 750-751; 929 NW2d 835 (2018). That might have been the end of this matter.

However, in 2017, defendant testified at a motion for a new trial for his brother, claiming that he had perjured himself at his brother's trial. See *People v Willie Anderson* (*Willie*),

---

[1] We do not mean to suggest in any way that it was inappropriate for the trial court to do so under the circumstances and at that time.

unpublished per curiam opinion of the Court of Appeals, issued October 19, 2017 (Docket No. 331466), unpub at 8-10. This Court nevertheless affirmed the brother's convictions and sentences, and the prosecution sought to rescind the sentencing agreement in light of defendant's perjury. *Id*.; *Anderson II*, 326 Mich App at 751. The trial court granted the prosecutor's request and reimposed defendant's original sentence. On July 18, 2017, the trial court entered an amended judgment of sentence essentially identical to his original 2014 judgment of sentence other than the dates the sentences began and the amount of applicable jail credit. We affirmed the rescission. *Anderson II*, 326 Mich App at 752-753. However, we remanded for the trial court to follow the original remand instructions we had given in defendant's first appeal. *Id*. at 753-754.

Unfortunately, it is extremely unclear to us from the record what happened thereafter. We can find nothing in the record to indicate that defendant's sentencing guidelines scores or PSIR were ever corrected. Apparently, some sentencing matters may have been placed on the record in the *Willie* case rather than in this case. Defendant's PSIR contains an addendum, dated August 1, 2017, specifically stating that no changes were made to the original report. The trial court entered an extremely terse order stating, in its entirety:

> This case was remanded from the Michigan Court of Appeals for a determination under *People v Lockridge*, 498 Mich 358[; 870 NW2d 502] (2015), of whether this Court would have imposed a materially different sentence absent the unconstitutional restraint on its discretion.
>
> Considering the circumstances at the time of the original sentencing, this Court finds that it would not have imposed a materially different sentence. Therefore, the original sentence is REAFFIRMED.
>
> IT IS SO ORDERED this 5th day of December, 2018.

The last transcript in the record is of the motion to rescind the sentence agreement, dated June 16, 2017.

## II. STANDARD OF REVIEW

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources (After Remand)*, 275 Mich App 121, 127; 737 NW2d 782 (2007). When a trial court has discretion to resentence defendant, its decision is reviewed for an abuse of discretion. See *People v Babcock*, 469 Mich 247, 268-270; 666 NW2d 231 (2003). An abuse of discretion occurs "when the court chooses an outcome that falls outside the range of principled outcomes." *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (quotation marks and citation omitted).

## III. JURISDICTION

The prosecution argues that defendant's claim of appeal in this matter is untimely. We agree. However, because the record in unclear as to what transpired below, including how defendant came to be appointed counsel, and because the matter has already been fully briefed, we choose to treat defendant's untimely claim as an application and grant it. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

Additionally, we recognize that our previous opinion in this matter is pending on defendant's application for leave to appeal to our Supreme Court, and has recently been held in abeyance. *People v Anderson* (*Anderson III*), ___ Mich ___; ___ NW2d ___ (2020) (Docket No. 158918, order entered May 1, 2020). Pursuant to MCR 7.215(F)(1)(a), "the Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court." The trial court entered its order regarding resentencing after this Court initially issued *Anderson II* as an unpublished opinion, and before defendant had filed his application for leave to appeal with our Supreme Court. Because the trial court entered its order fewer than 56 days after our previous decision, see MCR 7.305(C)(6)(a), its order was premature. However, because there was no objection, any such prematurity is a harmless technicality. *People v Washington (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 336050), slip op at p 6, lv pending. We find no jurisdictional impediments to the trial court's actions in this matter or to our consideration of this matter.

## IV. CORRECTIONS ON REMAND

Defendant first argues that he is entitled to a remand for correction of his PSIR, SIR, judgment of sentence, and sentencing guidelines scores. We agree. However, we recognize that our opinion *Anderson I* may not have been sufficiently clear, so we will elaborate.

Offense Variable (OV) 2 was improperly scored at 10 points instead of 5 points because the evidence showed that defendant had a long-barreled rifle instead of a short-barreled gun. MCL 777.32. On remand, the trial court shall correct defendant's sentencing guidelines, PSIR, SIR, and any other necessary documents to reflect a score of 5 points for OV 2. The trial court shall cause all such documents to be, as appropriate, filed in the record for this matter and/or to be transmitted to the Michigan Department of Corrections.

Offense Variable 9 was scored at 10 points instead of 0 points, because only one person was technically present for the sentencing offense itself. MCL 777.39; *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655 (2009). On remand, the trial court shall correct defendant's sentencing guidelines, PSIR, SIR, and any other necessary documents to reflect a score of 0 points for OV 9. The trial court shall cause all such documents to be, as appropriate, filed in the record for this matter and/or to be transmitted to the Michigan Department of Corrections.

Offense Variable 4 was scored at 10 points, but the parties agreed that there were no facts admitted by defendant or necessarily found by the jury to support a finding that the victim had sustained any psychological injury. MCL 777.34. On remand, the trial court shall correct defendant's sentencing guidelines, PSIR, SIR, and any other necessary documents to reflect a score of 0 points for OV 4. The trial court shall cause all such documents to be, as appropriate, filed in the record for this matter and/or to be transmitted to the Michigan Department of Corrections.

Finally, we recognize that our opinion in *Anderson I* inaccurately referred to a "fleeing and eluding" conviction. We correct our error: *Anderson I* should have referred to "resisting and obstructing." Furthermore, *Anderson I* failed to explain that the correction of OVs 2, 4, and 9 results in reducing defendant's total OV score from 55 points to 30 points, which reduces his OV Level from III to II. As a consequence, defendant's minimum guidelines range is reduced from

81-135 months to 51-85 months. Defendant's minimum sentence of 81 months for assault with intent to rob while armed is therefore still within his corrected guidelines range. However, we remanded for the trial court to follow the *Crosby* remand procedure set forth in *Lockridge* because the above scoring errors altered defendant's appropriate guidelines range. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006). On remand, the trial court shall correct defendant's judgment of sentence to reflect that his felony-firearm sentences are respectively consecutive to his home invasion and assault sentences only, and are concurrent with defendant's resisting and obstructing sentence. The trial court shall cause the corrected judgment of sentence to be filed in the record for this matter and transmitted to the Michigan Department of Corrections.

## V. HEARING

Defendant next argues that he is entitled to a hearing. On this record, we are unable to determine whether defendant is correct.

As an initial matter, our previous opinion explicitly held that "the trial court is not required to hold a hearing on remand unless it decides to resentence defendant." *Anderson II*, 326 Mich App at 754. The trial court decided not to resentence defendant, which would obviate any need for a hearing. However, we also explicitly instructed the trial court to place "an appropriate explanation" in the record for any decision not to resentence. *Id*. at 753-754, citing *Lockridge*, 498 Mich at 398. The trial court's order does not, under the circumstances, constitute an appropriate explanation. Importantly, the order was seemingly entered in the context of defendant's original, *uncorrected*, judgment of sentence, SIR, and PSIR. We cannot glean from the order, or from anything else in the record, whether the trial court understood that defendant's sentencing guidelines scores had changed. Finally, the trial court did not follow our direction to follow the sentencing procedure set forth in *Lockridge*.

In *Lockridge*, 498 Mich at 398, our Supreme Court explained the procedure that a trial court must follow when an appellate court orders a *Crosby*[2] remand:

> [A] trial court considering a case on a *Crosby* remand should first and foremost include an opportunity for a defendant to avoid resentencing by promptly notifying the [trial] judge that resentencing will not be sought. If the defendant does not so notify the court, it should obtain the views of counsel, at least in writing, but need not require the presence of the Defendant, in reaching its decision (with or without a hearing) whether to resentence. Upon making that decision, the trial court shall either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with this opinion.

> Stated differently, on a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a

---

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398 (quotation marks and citations omitted).]

Accordingly, we explicitly instructed the trial court to give defendant the opportunity to inform the court whether he wished to be resentenced, and if it did not receive any such notification, it "should obtain the views of counsel on whether the defendant should be resentenced." *Anderson II*, 326 Mich App at 753.

However, it does not appear that defendant was appointed trial counsel following the remand. The trial court listed defendant's appellate counsel (for the second appeal) on the order. The trial court eventually sent this order to appellate counsel's correct address, but according to counsel, her appointment had concluded. In any event, it does not appear that the trial court either afforded defendant a true opportunity to inform it whether he wished to avoid resentencing, and we cannot find any indication in the record that the trial court obtained the views of counsel regarding resentencing. As noted, although the trial court did properly consider the circumstances at the time of the original sentencing, the record does not show that it recognized that defendant's sentencing guidelines had been misscored. The trial court thus failed to inquire "whether defendant should be resentenced in light of the earlier-noted scoring errors . . ." *Anderson II*, 326 Mich App at 754. See *Lockridge*, 498 Mich at 398 ("Upon making that decision, the trial court shall either place on the record a decision not to resentence, with an appropriate explanation . . .") (quotation marks and citation omitted). As a result, we remand for the trial court to make all of the corrections described above and determine whether it would have imposed a difference sentence, while following the full procedure outlined in *Lockridge*.

We vacate the trial court's order regarding resentencing and remand for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ James Robert Redford

-5-

# Court of Appeals, State of Michigan

## ORDER

People of MI v Josephus Anderson

Docket No. 348531

LC No. 13-005118-FC

Amy Ronayne Krause
Presiding Judge

Deborah A. Servitto

James Robert Redford
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall corect defendant's sentencing guidelines scores, PSIR, SIR, and judgment of sentence; the trial court shall also follow the *Crosby* remand procedure set forth in *People v Lockridge*, 498 Mich 358, 398 (2015). The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

June 4, 2020
Date

_____
Chief Clerk